IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICRON TECHNOLOGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 00-792-KAJ |
| | ) | |
| RAMBUS INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

---

Frederick L. Cottrell, III, Esq., Richards, Layton & Finger, One Rodney Square, P.O. Box 551, Wilmington, Delaware 19899; Counsel for Plaintiff.

>   Of Counsel:  Fred H. Bartlit, Jr., Esq., Bartlit Beck Herman Palenchar & Scott, LLP. 1899 Wynkoop Street, Eighth Floor, Denver, Colorado 80202;

>   Matthew D. Powers, Esq., Jared Bobrow, Esq., Weil, Gotshal & Manges LLP, 201 Redwood Shores Parkway, Redwood Shores, California 94065-1175.

Mary B. Graham, Esq., Rodger D. Smith, Esq., Morris, Nichols, Arsht & Tunnell, 102 N. Market Street, P.O. Box 1347, Wilmington, Delaware 19899-1347; Counsel for Defendant.

>   Of Counsel:  V. Bryan Medlock, Jr., Esq., Marc Raven, Esq., Sidley Austin Brown & Wood LLP, Bank One Plaza, 10 South Dearborn Street, Chicago, Illinois 60603;

>   Gregory P. Stone, Esq., Munger, Tolles & Olson LLP, 355 South Grand Avenue, 35th Floor, Los Angeles, California 90071.

---

January 13, 2006
Wilmington, Delaware

JORDAN, District Judge

## I.   INTRODUCTION

This is a patent infringement and fraud case brought by Micron Technology, Inc.

("Micron") against Rambus Inc. ("Rambus"). Rambus is the assignee of the following

eight patents related to computer memory systems:  U.S. Patents Nos. 5,915,105;

5,953,263; 5,954,804; 5,995,443; 6,032,214; 6,032,215; 6,034,918; and 6,038,195.

Micron filed its complaint in this action on August 28, 2000 (Docket Item ["D.I"] 1) and

an amended complaint on February 1, 2001 (D.I. 76), bringing monopolization and

fraud claims related to standard-setting for computer memory devices, and seeking a

declaratory judgment that the patents in suit are invalid, unenforceable, and not

infringed.  Rambus filed an answer on February 15, 2001 with counterclaims alleging

that certain Micron products infringe those patents.  (D.I. 90.)  On August 24, 2001,

Rambus filed a motion to stay this case pending a decision by the United States Court

of Appeals for the Federal Circuit in another case involving the same patents.  (D.I.

392.)  In an opinion dated February 27, 2002, the judge to whom the case at bar was

previously assigned, the Honorable Roderick R. McKelvie,[1] denied the motion for a stay

but agreed to delay the trial pending the Federal Circuit's decision.  *Micron Tech., Inc.*

*v. Rambus Inc.*, 189 F. Supp. 2d 201, 213 (D. Del. 2002).  That delay was conditioned

on Rambus agreeing to stay "all other litigation, foreign and domestic, between Micron

and Rambus, except [a] suit in Germany, and an agreement by Rambus not to file

---

[1]This case was originally assigned to Judge McKelvie.  (D.I. 3.)  When he retired from the court in 2002, the case was referred to Magistrate Judge Mary Pat Thynge, on April 26, 2002.  (D.I. 533.)  On January 6, 2003, the case was reassigned to me.  (D.I. 543.)

additional suits relating to the Rambus patents." *Id.* (*See also* D.I. 529 (Order containing the condition).)

Before me now are (1) Rambus's Supplemental Motion to Lift the Condition Imposed on Rambus at the Time the Trial was Deferred (D.I. 674), which is supplemental to an earlier Motion to Lift the Condition (D.I. 560), (2) Rambus's Motion for Leave to File Supplemental and Second Amended Counterclaims (D.I. 671), and (3) Micron's Motion for Modification of Scheduling Order (D.I. 640). For the reasons that follow, I will grant Rambus's motions. For the reasons set forth at the status conference on July 14, 2005 (D.I. 686 at 17:25-18:9, 21:1-8), Micron's motion will be granted in part and denied in part, and the parties will confer and submit a form of scheduling order reflecting the conclusions herein.

## II.    BACKGROUND

A detailed discussion of the background of this case, as well as related litigation involving Rambus's patents, was set forth by Judge McKelvie in an earlier opinion. *Micron*, 189 F. Supp. 2d at 202-208. It suffices here to discuss the circumstances surrounding that earlier decision to delay the trial of this case.

Rambus asserted the same patents that are at issue here against Infineon Technologies AG ("Infineon") in a lawsuit filed by Rambus in the U.S. District Court for the Eastern District of Virginia. *Rambus Inc. v. Infineon Techs. AG*, Civ. A. No. 3:00cv524 (E.D. Va.) (the "*Infineon* case"). "Infineon brought a fraud counterclaim similar to Micron's fraud claim in this case." *Micron*, 189 F. Supp. 2d at 203. The Honorable Robert E. Payne issued a claim construction opinion on March 15, 2001,

2

and the case went to trial starting on April 23, 2001. *Id.* "At the conclusion of Rambus's case in chief, the Virginia court granted judgment as a matter of law of non-infringement" of the patents, and then, "[o]n May 9, 2001, the jury returned a special verdict finding Rambus had committed actual fraud." *Id.* "Following trial, the Virginia court overturned the jury's verdict of fraud as to [certain] features [of the computer technology at issue], but upheld the jury's verdict as to [others]." *Id.* (citing *Rambus Inc. v. Infineon Techs. AG*, 164 F. Supp. 2d 743 (E.D. Va. 2001)).

Micron sought to apply the judgment from the *Infineon* case to this case through collateral estoppel. *Id.* at 203-04, 206. Micron argued in its motions for summary judgment (D.I. 293; D.I. 400) that this court must adopt "the Virginia court's claim construction and non-infringement judgment," as well as the fraud judgment. *Micron*, 189 F. Supp. 2d at 203-04. Rambus asked for a stay (D.I. 392), arguing that its appeal of the *Infineon* judgment to the Federal Circuit would resolve several errors in that judgment, which would be compounded if applied in this case through collateral estoppel. *Micron*, 189 F. Supp. 2d at 204. To show the need for a stay, Rambus argued

> that a stay would conserve the resources of the parties and court by avoiding the need to relitigate issues on which collateral estoppel [was] granted if the Virginia court [were] reversed. It also might limit the numerous difficulties of distinguishing for a jury those issues already established by collateral estoppel on Micron's fraud claims and those issues for the jury's decision.

*Id.* at 209. Also, "[t]o minimize the prejudice to Micron from staying this action, Rambus offered to stay all of [its] actions [against Micron] except [for a] proceeding in Germany." *Id.* Thus, the issue before Judge McKelvie was "whether to apply collateral estoppel

3

and proceed to trial on the remaining issues, or whether to await the Federal Circuit's decision in *Infineon* before proceeding." *Id.*

Judge McKelvie concluded that the proper approach was to wait for the Federal Circuit's decision. Because Micron's summary judgment motions depended on the claim construction and fraud decisions being reviewed on appeal and because the Federal Circuit's decision was expected relatively soon, waiting for that decision "appear[ed] both prudent and efficient." *Id.* at 211. However, while the claim construction and trial were delayed, the court did not order a stay so that discovery could continue. *Id.* at 213.

Micron failed to show that it would be unduly prejudiced by a delay. *Id.* at 211-12. First, Micron's argument that a delay would prolong a "cloud of uncertainty" about Rambus's patents failed, because the application, through collateral estoppel, of a case that might be reversed would do little to settle the issue. *Id.*

Second, and importantly for Rambus's present motions, Micron argued that a delay would prejudice "its interests because Rambus [could] continue to assert related foreign patents against Micron in foreign forums." *Id.* at 212. However, because Rambus offered to stay that litigation, except in Germany, Judge McKelvie believed that the prejudice to Micron was "minimal." *Id.* Therefore, the delay was conditioned "on the terms proffered by Rambus–a stay of all other litigation, foreign and domestic, between Micron and Rambus, except the suit in Germany, and an agreement by Rambus not to file additional suits relating to the Rambus patents." *Id.* at 213. The opinion did not

4

explicitly set forth what would happen to that condition once this lawsuit was put back on a schedule leading to trial.

In an opinion dated January 29, 2003, the Federal Circuit found errors in the Virginia court's claim construction, and held that the fraud verdict was not supported by substantial evidence. *Rambus Inc. v. Infineon Techs. AG*, 318 F.3d 1081, 1084 (Fed. Cir. 2003). The judgment was vacated-in-part, reversed-in-part, affirmed-in-part, and remanded. *Id*.

After remand, in February 2005, the district court held a bench trial on the issue of unclean hands. *See Samsung Elecs. Co. v. Rambus, Inc.*, 398 F. Supp. 2d 470, 473 (E.D. Va. 2005) (discussing the *Infineon* proceedings after remand). At the conclusion of that trial, Judge Payne ruled from the bench that Rambus was barred from enforcing its patents because it was liable for unclean hands and had spoliated evidence. *See id*. Rambus and Infineon settled the case before Judge Payne issued findings of fact and conclusions of law. *See id*.

## III.  DISCUSSION

### A.  The Condition on Rambus

Rambus asks the court to lift the condition imposed by the February 27, 2002 order delaying trial in this case. According to Rambus, the condition is akin to a stay that prevents it from filing a complaint against Micron alleging infringement of fourteen patents distinct from the patents at issue here. (D.I. 674 at 1.) For the following reasons, I will grant Rambus's motion.

5

Micron argues that the condition must be maintained to protect it from patent infringement suits that it contends would have been barred by an anti-suit injunction if the trial had proceeded and Micron prevailed. (D.I. 564 at 4-5; D.I. 676 at 2-3.) According to Micron, because it sought to prevent future patent infringement suits through this lawsuit, "it would be inequitable to allow Rambus to file additional patent infringement claims before Micron is even given the chance to be heard on its request for an anti-suit injunction." (D.I. 564 at 5; see also D.I. 676 at 2.) Micron's argument suggests that the condition was placed on Rambus to give what amounts to preliminary relief to Micron in exchange for a delay requested by Rambus. That is not, however, a correct reading of Judge McKelvie's reasoning.

Because Micron sought to apply the judgment in the *Infineon* case here through collateral estoppel, the court was faced with a choice between (1) deciding whether to apply the *Infineon* judgment, and (2) waiting for a decision by the Federal Circuit on whether that judgment was correct, before proceeding. In his opinion, Judge McKelvie chose the second course of action, not because it favored Rambus, but because it was "prudent and efficient." *Micron*, 189 F. Supp. 2d at 211. He decided that waiting for a decision "would eliminate any possibility that the Federal Circuit might reverse the claim construction . . . shortly after [a grant of] summary judgement of non-infringement based on applying that construction." *Id.* The fraud issue was also being reviewed as one of "several issues that may be dispositive in this action." *Id.*

Thus, the trial was delayed here for reasons of judicial economy and not as a concession to Rambus that required Rambus to give something up in exchange.

6

Rather, the condition at issue here, based on an offer by Rambus, was imposed to "minimize any prejudice that Micron might experience" as a result of a delay supported by other considerations. *Id.* According to Judge McKelvie, the condition put in place a "worldwide truce" between the parties, *id.*, suggesting that the court recognized that a delay would prevent Micron from acting against Rambus, and that fairness required that Rambus not act against Micron during the delay. The record does not support Micron's view that Rambus should be prevented from asserting its patents indefinitely so that Micron can receive protection from suit before its claims are decided on the merits. The condition was meant, it seems, to do no more than maintain the status quo until this case moved forward.

Micron also argues that it will be prejudiced because trial in this case has not been scheduled, leaving it "exposed to Rambus's new patent suits" for a considerable amount of time before its claims will be decided. (D.I. 564 at 6.) This is a recasting of the argument that Micron should be free from patent infringement suits until its claims go to trial, and it fails for the reasons already discussed.

Finally, Micron argues that maintaining the condition will not prejudice Rambus. (*Id.* at 8.) However, Rambus is prevented by the condition from endeavoring to enforce its patents. (D.I. 684 at 6.) Since Micron is now able to proceed in this case against Rambus, Rambus ought, in fairness, be allowed to proceed with its own claims.

Removing the condition on Rambus now that the *Infineon* appeal is concluded not only comports with the reasoning set forth in Judge McKelvie's opinion, it also enhances judicial economy. Rambus seeks to file a complaint in the U.S. District Court

7

for the Northern District of California against Micron for infringement of fourteen patents not at issue here. (D.I. 674 at 1.) Those same patents are asserted in a pending case in that district against several other parties, and if Rambus is allowed to file its new complaint against Micron, it will seek to consolidate that action with the case pending there. (*Id.*) Lifting the condition here thus has the potential to avoid piecemeal litigation concerning Rambus's additional patents, while allowing litigation of the patents at issue here to be handled on a reasonable schedule. (*Id.* at 4-5.)

Therefore, Rambus's Motion to Lift the Condition Imposed on Rambus at the Time the Trial was Deferred will be granted.

B.    Leave to File Supplemental and Amended Counterclaims

Since August 24, 2001, when Rambus filed its motion for a stay in this case, additional patents have been issued to Rambus, including U.S. Patents Nos. 6,324,120; 6,378,020; 6,426,916; and 6,452,863. (D.I. 672 at 2-3.) Rambus now seeks to add supplemental and amended counterclaims in this case, asserting those four patents against Micron and also amending the list of accused products to reflect allegedly infringing sales made after the time the trial was delayed. (*Id.* at 4-5.) This motion too will be granted.

According to the Federal Rules of Civil Procedure, leave to amend "shall be freely given [by the court] when justice so requires." Fed. R. Civ. P. 15(a). "A policy of favoring decisions on the merits, rather than on the technicalities, underlies this Rule." *CenterForce Techs., Inc. v. Austin Logistics Inc.*, No. Civ.A.99-243, 2000 WL 652943, at *3 (D. Del. Mar. 10, 2000) (citing *Foman v. Davis*, 371 U.S. 178, 181-82 (1962)).

8

Thus, "leave to amend should be freely granted . . . unless there is sufficient reason to deny leave." *Id.* "Sufficient reasons include undue delay, bad faith or dilatory motive on the part of the movant, [and] undue prejudice to the opposing party . . . ." *Id.* (citing *Foman*, 371 U.S. at 182; *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).

Similarly, a party may move for leave to supplement its pleading "upon reasonable notice and upon such terms as are just [,] . . . setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). The standard under Rule 15(d) is "essentially the same" as that under 15(a), and leave to supplement should be granted unless it causes undue delay or undue prejudice. *Medeva Pharma Ltd. v. Am. Home Prods. Corp.*, 201 F.R.D. 103, 104 & n.3 (D. Del. 2001).

Here, Micron argues that leave to amend and supplement should not be given because of undue delay and undue prejudice. First, Micron argues that since the four patents that Rambus seeks to add here were issued between November 27, 2001 and September 17, 2002, Rambus should have amended its complaint long ago. (D.I. 675 at 6-8.) However, the condition on Rambus effectively stayed all litigation between Micron and Rambus. Considering that three of the four patents that Rambus seeks to add were issued after the court-ordered delay in February 2002, I find that any delay in asserting new patents here was not undue. In fact, soon after the parties conferred in June 2004 to restart this case, Rambus filed a Motion to Remove the Condition, (D.I.

9

560, filed Sept. 29, 2004), and the present motion was filed June 13, 2005 (D.I. 671).
Thus, there is no showing here of undue delay.

Micron also argues that it will be unduly prejudiced by the proposed
amendments. Micron's first argument is that Rambus is attempting to "circumvent the
court-ordered stay," i.e., the condition imposed at the time trial was delayed. (D.I. 675
at 10-11.) Micron repeats the arguments it made in opposition to Rambus's motion to
lift that condition, and, for the reasons already discussed, those arguments fail.

Second, Micron asserts that it will be prejudiced because it will bear the burden
of "additional discovery, cost, and preparation to defend against new facts [and] new
theories." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273-24 (3d Cir.
2001). (D.I. 675 at 9, 11-13, 14-15.) Since Rambus seeks to assert new patents, it is
true that Micron will need to conduct "new non-infringement analyses, prior art
searches, validity analyses, written description analyses, enablement analyses, new
claims charts, inequitable conduct analyses, and analyses of all the claims terms in the
context of the new claim language." (D.I. 675 at 12.) Rambus rightly asserts, however,
that there will be some overlap with already completed preparation, and the overlap will
reduce any prejudice to Micron.[2] (D.I. 672 at 8-9.) But, even if there were no overlap,
the trial date is not set in this action, and the schedule can be adjusted to allow for
necessary discovery. *See CenterForce*, 2000 WL 652943, at *6 (finding no undue
prejudice where "a trial date has not been set . . . and defendants will be able to

---

[2]Rambus represents that "[t]he new patents [it] seeks to assert . . . relate to the
same subject matter as the patents-in-suit and concern products manufactured by
Micron that have been previously accused of infringing the patents-in-suit." (D.I. 672 at
8-9.)

10

conduct discovery with respect to the additional claims and defenses. . . . [and where] the claims relate to the same product, the patents are substantially similar, and significant discovery . . . has been conducted already").

Finally, Micron argues that allowing the amendments increases the complexity of the case. (D.I. 675 at 13-14.) Perhaps that is so, and it may be necessary to address case complexity in determining how to try the case, but that is not a basis for denying leave to amend in this matter.

Therefore, because there is no undue delay or undue prejudice, I will grant leave for Rambus to amend and supplement its counterclaims.

C.   Modification of the Scheduling Order

As I stated at the July 14, 2005 status conference (D.I. 686 at 17:25-18:9), trial in this case will proceed in the same order as a related proceeding in the Northern District of California, *Hynix Semiconductor, Inc. v. Rambus Inc.*, No. CV-00-20905 (N.D. Cal.). Accordingly, the trial will proceed in three phases, starting with a trial on the issue of unclean hands.

According to their submissions (D.I. 688; D.I. 689), the parties' disagreement concerning their proposed scheduling order is over whether the second phase should be the patent infringement trial or the trial on antitrust, equitable estoppel and related issues. The *Hynix* proceeding is set to handle infringement issues in its second phase. (D.I. 688 at 1.) Micron's assertion that the other issues in this case could render the patent infringement claims moot (D.I. 689 at 2) fails to convince me to change the plan to follow the order of proceedings being followed in *Hynix*.

11

Therefore, as indicated during the July 14, 2005 status conference, Micron's
motion for a modification of the scheduling order will be granted to the extent that a trial
on unclean hands will proceed first. However, Micron's motion will be denied to the
extent that it seeks to delay setting a schedule on the remaining two phases of the trial
until after the first phase is resolved. (*See* D.I. 640 at 1, 4.) Having agreed that a
modification is in order, the case will proceed in the same general order as the *Hynix*
case, and the parties will confer to discuss the scheduling order for all three trial
phases, in light of this Memorandum Opinion and developments in related litigation.[3]

## IV.   CONCLUSION

For the reasons set forth herein, I will grant Rambus's Supplemental Motion to
Lift the Condition Imposed on Rambus at the Time the Trial was Deferred (D.I. 674) and
Motion for Leave to File Supplemental and Second Amended Counterclaims (D.I. 671).
Micron's Motion for Modification of Scheduling Order (D.I. 640) will be granted in part
and denied in part. The parties will confer and, within ten days of the accompanying
Order, submit a form of scheduling order and contact the court to arrange a
teleconference to discuss their scheduling suggestions.

---

[3]As noted *supra*, Judge Payne ruled from the bench in the *Infineon* case that
Rambus was barred from enforcing its patents because it was liable for unclean hands
and had spoliated evidence. *See Samsung Elecs. Co. v. Rambus, Inc.*, 398 F. Supp.
2d 470, 473 (E.D. Va. 2005) (discussing the *Infineon* proceedings after remand). On
January 4, 2006, the Honorable Ronald M. Whyte issued Findings of Fact and
Conclusions of Law for the unclean hands phase of the *Hynix* case (D.I. 704),
concluding that Rambus did not "engage in unlawful spoliation of evidence" and that the
doctrine of unclean hands did not apply. (*See id.* at 35, 41.) What, if any, preclusive
effect the rulings in *Infineon* and *Hynix* might have in this case has not been addressed
by the parties.

12