IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICRON TECHNOLOGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 00-792-KAJ |
| | ) | |
| RAMBUS INC., | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| RAMBUS INC., | ) | |
| | ) | |
| Counterclaim Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICRON TECHNOLOGY, INC., MICRON | ) | |
| ELECTRONICS, INC., and MICRON | ) | |
| SEMICONDUCTOR PRODUCTS, INC., | ) | |
| | ) | |
| Counterclaim Defendants. | ) | |

**COUNTERCLAIM DEFENDANT MICRON TECHNOLOGY, INC.'S
REPLY AND COUNTERCLAIMS TO DEFENDANT RAMBUS
INC.'S SUPPLEMENTAL AND SECOND AMENDED COUNTERCLAIMS**

Micron Technology, Inc. ("Micron Technology"), replies to the Supplemental and

Second Amended Counterclaims of defendant Rambus Inc. ("Rambus"), by admitting, denying,

and alleging as follows:

# I.

## REPLY

### JURISDICTION

1.     Micron Technology admits that the Court has jurisdiction over Rambus's counterclaims under 28 U.S.C. §§ 1331 and 1338(a). Except as expressly so admitted, Micron Technology denies the remaining allegations in paragraph 1 of Rambus's Counterclaims.

### VENUE

2.     Micron Technology admits the allegations in paragraph 2 of Rambus's Counterclaims.

### THE PARTIES

3.     On information and belief, Micron Technology admits the allegations in paragraph 3 of Rambus's Counterclaims.

4.     Micron Technology admits that it is a corporation incorporated and existing under the laws of the State of Delaware. Upon information and belief, Micron Technology admits that Micron Semiconductor is a corporation incorporated and existing under the laws of the State of Idaho. Micron Technology is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 of Rambus's Counterclaims and, on that basis, denies them.

5.     Micron Technology admits that Rambus purports to refer to Micron Technology, Inc., Micron Electronics, Inc., and Micron Semiconductor Products, Inc. collectively as "Micron" as stated in paragraph 5 of Rambus's Counterclaims. In this Reply, however, Micron Technology responds solely on its own behalf and not on the behalf of Micron Electronics, Inc. or Micron Semiconductor Products, Inc.

6.     Micron Technology admits that it makes, uses, sells, and offers for sale in the United States a variety of semiconductor memory devices, including dynamic random access memory ("SDRAM") devices (such as single data rate ("SDR") SDRAM devices); double data rate ("DDR") SDRAM devices; DDR2 SDRAM devices; Mobile SDR SDRAM devices; Mobile DDR SDRAM devices; Pseudo Static Random Access Memory ("PSRAM") devices; Reduced Latency Dynamic Random Access Memory ("RLDRAM") devices (including RLDRAM I and RLDRAM II); and modules containing such devices.  Except as expressly so admitted, Micron Technology denies the allegations in paragraph 6 of Rambus's Counterclaims.

7.     Micron Technology denies the allegations in paragraph 7 of Rambus's Counterclaims.

## FACTUAL BACKGROUND

8.     Micron Technology is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of Rambus's Counterclaims and, on that basis, denies them.

9.     Micron Technology denies the allegations in paragraph 9 of Rambus's Counterclaims.

10.     Micron Technology admits that the '105 Patent is entitled "Integrated Circuit I/O Using a High Performance Bus Interface" and states on its face that it issued on June 22, 1999. Except as expressly so admitted, Micron Technology denies the allegations in paragraph 10 of Rambus's Counterclaims.

11.     Micron Technology admits that the '263 Patent is entitled "Synchronous Memory Device Having A Programmable Register And Method Of Controlling Same" and states on its face that it issued on September 14, 1999.  Except as expressly so admitted, Micron Technology denies the allegations in paragraph 11 of Rambus's Counterclaims.

12.     Micron Technology admits that the '804 Patent is entitled "Synchronous Memory Device Having An Internal Register" and states on its face that it issued on September 21, 1999. Except as expressly so admitted, Micron Technology denies the allegations in paragraph 12 of Rambus's Counterclaims.

13.     Micron Technology admits that the '443 Patent is entitled "Synchronous Memory Device" and states on its face that it issued on November 30, 1999.  Except as expressly so admitted, Micron Technology denies the allegations in paragraph 13 of Rambus's Counterclaims.

14.     Micron Technology admits that the '214 Patent is entitled "Method of Operating a Synchronous Memory Device Having a Variable Data Output Length" and states on its face that it issued on February 29, 2000.  Except as expressly so admitted, Micron Technology denies the allegations in paragraph 14 of Rambus's Counterclaims.

15.     Micron Technology admits that the '215 Patent is entitled "Synchronous Memory Device Utilizing Two External Clocks" and states on its face that it issued on February 29, 2000. Except as expressly so admitted, Micron Technology denies the allegations in paragraph 15 of Rambus's Counterclaims.

16.     Micron Technology admits that the '918 Patent is entitled "Method of Operating a Memory Having a Variable Data Output Length and a Programmable Register" and states on its face that it issued on March 7, 2000.  Except as expressly so admitted, Micron Technology denies the allegations in paragraph 16 of Rambus's Counterclaims.

17.     Micron Technology admits that the '195 Patent is entitled "Synchronous Memory Device Having a Delay Time Register and Method of Operating Same" and states on its face that

it issued on March 14, 2000. Except as expressly so admitted, Micron Technology denies the allegations in paragraph 17 of Rambus's Counterclaims.

18.     Micron Technology admits that the '120 Patent is entitled "Memory Device Having a Variable Data Output Length" and states on its face that it issued on November 27, 2001. Except as expressly so admitted, Micron Technology denies the allegations in paragraph 18 of Rambus's Counterclaims.

19.     Micron Technology admits that the '020 Patent is entitled "System Having Double Data Transfer Rate and Integrated Circuit Therefor" and states on its face that it issued on April 23, 2002. Except as expressly so admitted, Micron Technology denies the allegations in paragraph 19 of Rambus's Counterclaims.

20.     Micron Technology admits that the '916 Patent is entitled "Memory Device Having a Variable Data Output Length and a Programmable Register" and states on its face that it issued on July 30, 2002. Except as expressly so admitted, Micron Technology denies the allegations in paragraph 20 of Rambus's Counterclaims.

21.     Micron Technology admits that the '863 Patent is entitled "Method of Operating a Memory Device Having a Variable Data Input Length" and states on its face that it issued on September 17, 2002. Except as expressly so admitted, Micron Technology denies the allegations in paragraph 21 of Rambus's Counterclaims.

22.     Micron Technology admits that Rambus refers to the '263 Patent, the '105 Patent, the '804 Patent, the '443 Patent, the '214 Patent, the '215 Patent, the '918 Patent, the '195 Patent, the '120 Patent, the '020 Patent, the '916 Patent, and the '863 Patent collectively as the "Patents-in-Suit."

23.     Micron Technology admits that Rambus is listed as the assignee on each of the Patents-in-Suit.  Except as expressly so admitted, Micron Technology denies the allegations in paragraph 23 of Rambus's Counterclaims.

## COUNT ONE

## MICRON TECHNOLOGY'S NON-INFRINGEMENT OF U.S. PATENT NO. 5,915,105

24.     Micron Technology's responses to paragraphs 1 through 23 above are incorporated by reference and realleged as if fully set forth herein.

25.     Micron Technology denies the allegations in paragraph 25 of Rambus's Counterclaims.

26.     Micron Technology denies the allegations in paragraph 26 of Rambus's Counterclaims.

27.     Micron Technology denies the allegations in paragraph 27 of Rambus's Counterclaims.

28.     Micron Technology admits that it is aware of the '105 Patent.  Except as expressly so admitted, Micron Technology denies the allegations in paragraph 28 of Rambus's Counterclaims.

29.     Micron Technology denies the allegations in paragraph 29 of Rambus's Counterclaims.

30.     Micron Technology denies the allegations in paragraph 30 of Rambus's Counterclaims.

31.     Micron Technology denies the allegations in paragraph 31 of Rambus's Counterclaims.

## COUNT TWO

## MICRON TECHNOLOGY'S NON-INFRINGEMENT OF U.S. PATENT NO. 5,953,263

32.     Micron Technology's responses to paragraphs 1 through 31 are incorporated by reference and realleged as if fully set forth herein.

33.     Micron Technology denies the allegations in paragraph 33 of Rambus's Counterclaims.

34.     Micron Technology denies the allegations in paragraph 34 of Rambus's Counterclaims.

35.     Micron Technology denies the allegations in paragraph 35 of Rambus's Counterclaims.

36.     Micron Technology admits that it is aware of the '263 Patent.  Except as expressly so admitted, Micron Technology denies the allegations in paragraph 36 of Rambus's Counterclaims.

37.     Micron Technology denies the allegations in paragraph 37 of Rambus's Counterclaims.

38.     Micron Technology denies the allegations in paragraph 38 of Rambus's Counterclaims.

39.     Micron Technology denies the allegations in paragraph 39 of Rambus's Counterclaims.

## COUNT THREE

## MICRON TECHNOLOGY'S NON-INFRINGEMENT OF U.S. PATENT NO. 5,954,804

40.     Micron Technology's responses to paragraphs 1 through 39 are incorporated by reference and realleged as if fully set forth herein.

41.    Micron Technology denies the allegations in paragraph 41 of Rambus's Counterclaims.

42.    Micron Technology denies the allegations in paragraph 42 of Rambus's Counterclaims.

43.    Micron Technology denies the allegations in paragraph 43 of Rambus's Counterclaims.

44.    Micron Technology admits that it is aware of the '804 Patent.  Except as expressly so admitted, Micron Technology denies the allegations in paragraph 44 of Rambus's Counterclaims.

45.    Micron Technology denies the allegations in paragraph 45 of Rambus's Counterclaims.

46.    Micron Technology denies the allegations in paragraph 46 of Rambus's Counterclaims.

47.    Micron Technology denies the allegations in paragraph 47 of Rambus's Counterclaims.

## COUNT FOUR

## MICRON TECHNOLOGY'S NON-INFRINGEMENT OF U.S. PATENT NO. 5,995,443

48.    Micron Technology's responses to paragraphs 1 through 47 are incorporated by reference and realleged as if fully set forth herein.

49.    Micron Technology denies the allegations in paragraph 49 of Rambus's Counterclaims.

50.    Micron Technology denies the allegations in paragraph 50 of Rambus's Counterclaims.

51.     Micron Technology denies the allegations in paragraph 51 of Rambus's Counterclaims.

52.     Micron Technology admits that it is aware of the '443 Patent.  Except as expressly so admitted, Micron Technology denies the allegations in paragraph 52 of Rambus's Counterclaims.

53.     Micron Technology denies the allegations in paragraph 53 of Rambus's Counterclaims.

54.     Micron Technology denies the allegations in paragraph 54 of Rambus's Counterclaims.

55.     Micron Technology denies the allegations in paragraph 55 of Rambus's Counterclaims.

## COUNT FIVE

### MICRON TECHNOLOGY'S NON-INFRINGEMENT OF U.S. PATENT NO. 6,032,214

56.     Micron Technology's responses to paragraphs 1 through 55 are incorporated by reference and realleged as if fully set forth herein.

57.     Micron Technology denies the allegations in paragraph 57 of Rambus's Counterclaims.

58.     Micron Technology denies the allegations in paragraph 58 of Rambus's Counterclaims.

59.     Micron Technology denies the allegations in paragraph 59 of Rambus's Counterclaims.

60.     Micron Technology admits that it is aware of the '214 Patent.  Except as expressly so admitted, Micron Technology denies the allegations in paragraph 60 of Rambus's Counterclaims.

61.     Micron Technology denies the allegations in paragraph 61 of Rambus's Counterclaims.

62.     Micron Technology denies the allegations in paragraph 62 of Rambus's Counterclaims.

63.     Micron Technology denies the allegations in paragraph 63 of Rambus's Counterclaims.

## COUNT SIX

### MICRON TECHNOLOGY'S NON-INFRINGEMENT OF U.S. PATENT NO. 6,032,215

64.     Micron Technology's responses to paragraphs 1 through 63 are incorporated by reference and realleged as if fully set forth herein.

65.     Micron Technology denies the allegations in paragraph 65 of Rambus's Counterclaims.

66.     Micron Technology denies the allegations in paragraph 66 of Rambus's Counterclaims.

67.     Micron Technology denies the allegations in paragraph 67 of Rambus's Counterclaims.

68.     Micron Technology admits that it is aware of the '215 Patent.  Except as expressly so admitted, Micron Technology denies the allegations in paragraph 68 of Rambus's Counterclaims.

69.     Micron Technology denies the allegations in paragraph 69 of Rambus's Counterclaims.

70.     Micron Technology denies the allegations in paragraph 70 of Rambus's Counterclaims.

71.   Micron Technology denies the allegations in paragraph 71 of Rambus's Counterclaims.

## COUNT SEVEN

### MICRON TECHNOLOGY'S NON-INFRINGEMENT OF U.S. PATENT NO. 6,034,918

72.   Micron Technology's responses to paragraphs 1 through 71 are incorporated by reference and realleged as if fully set forth herein.

73.   Micron Technology denies the allegations in paragraph 73 of Rambus's Counterclaims.

74.   Micron Technology denies the allegations in paragraph 74 of Rambus's Counterclaims.

75.   Micron Technology denies the allegations in paragraph 75 of Rambus's Counterclaims.

76.   Micron Technology admits that it is aware of the '918 Patent.  Except as expressly so admitted, Micron Technology denies the allegations in paragraph 76 of Rambus's Counterclaims.

77.   Micron Technology denies the allegations in paragraph 77 of Rambus's Counterclaims.

78.   Micron Technology denies the allegations in paragraph 78 of Rambus's Counterclaims.

79.   Micron Technology denies the allegations in paragraph 79 of Rambus's Counterclaims.

## COUNT EIGHT

**MICRON TECHNOLOGY'S NON-INFRINGEMENT OF U.S. PATENT NO. 6,038,195**

80.     Micron Technology's responses to paragraphs 1 through 79 are incorporated by reference and realleged as if fully set forth herein.

81.     Micron Technology denies the allegations in paragraph 81 of Rambus's Counterclaims.

82.     Micron Technology denies the allegations in paragraph 82 of Rambus's Counterclaims.

83.     Micron Technology denies the allegations in paragraph 83 of Rambus's Counterclaims.

84.     Micron Technology admits that it is aware of the '195 Patent.  Except as expressly so admitted, Micron Technology denies the allegations in paragraph 84 of Rambus's Counterclaims.

85.     Micron Technology denies the allegations in paragraph 85 of Rambus's Counterclaims.

86.     Micron Technology denies the allegations in paragraph 86 of Rambus's Counterclaims.

87.     Micron Technology denies the allegations in paragraph 87 of Rambus's Counterclaims.

## COUNT NINE

**MICRON TECHNOLOGY'S NON-INFRINGEMENT OF U.S. PATENT NO. 6,324,120**

88.     Micron Technology's responses to paragraphs 1 through 87 are incorporated by reference and realleged as if fully set forth herein.

89.     Micron Technology denies the allegations in paragraph 89 of Rambus's Counterclaims.

90.     Micron Technology denies the allegations in paragraph 90 of Rambus's Counterclaims.

91.     Micron Technology denies the allegations in paragraph 91 of Rambus's Counterclaims.

92.     Micron Technology admits that it is aware of the '120 Patent.  Except as expressly so admitted, Micron Technology denies the allegations in paragraph 92 of Rambus's Counterclaims.

93.     Micron Technology denies the allegations in paragraph 93 of Rambus's Counterclaims.

94.     Micron Technology denies the allegations in paragraph 94 of Rambus's Counterclaims.

95.     Micron Technology denies the allegations in paragraph 95 of Rambus's Counterclaims.

## COUNT TEN

### MICRON TECHNOLOGY'S NON-INFRINGEMENT OF U.S. PATENT NO. 6,378,020

96.     Micron Technology's responses to paragraphs 1 through 95 are incorporated by reference and realleged as if fully set forth herein.

97.     Micron Technology denies the allegations in paragraph 97 of Rambus's Counterclaims.

98.     Micron Technology denies the allegations in paragraph 98 of Rambus's Counterclaims.

99.   Micron Technology denies the allegations in paragraph 99 of Rambus's Counterclaims.

100.   Micron Technology admits that it is aware of the '020 Patent.  Except as expressly so admitted, Micron Technology denies the allegations in paragraph 100 of Rambus's Counterclaims.

101.   Micron Technology denies the allegations in paragraph 101 of Rambus's Counterclaims.

102.   Micron Technology denies the allegations in paragraph 102 of Rambus's Counterclaims.

103.   Micron Technology denies the allegations in paragraph 103 of Rambus's Counterclaims.

**COUNT ELEVEN**

**MICRON TECHNOLOGY'S NON-INFRINGEMENT OF U.S. PATENT NO. 6,426,916**

104.   Micron Technology's responses to paragraphs 1 through 103 are incorporated by reference and realleged as if fully set forth herein.

105.   Micron Technology denies the allegations in paragraph 105 of Rambus's Counterclaims.

106.   Micron Technology denies the allegations in paragraph 106 of Rambus's Counterclaims.

107.   Micron Technology denies the allegations in paragraph 107 of Rambus's Counterclaims.

108.   Micron Technology admits that it is aware of the '916 Patent.  Except as expressly so admitted, Micron Technology denies the allegations in paragraph 108 of Rambus's Counterclaims.

109.    Micron Technology denies the allegations in paragraph 109 of Rambus's Counterclaims.

110.    Micron Technology denies the allegations in paragraph 110 of Rambus's Counterclaims.

111.    Micron Technology denies the allegations in paragraph 111 of Rambus's Counterclaims.

## COUNT TWELVE

### MICRON TECHNOLOGY'S NON-INFRINGEMENT OF U.S. PATENT NO. 6,452,863

112.    Micron Technology's responses to paragraphs 1 through 111 are incorporated by reference and realleged as if fully set forth herein.

113.    Micron Technology denies the allegations in paragraph 113 of Rambus's Counterclaims.

114.    Micron Technology denies the allegations in paragraph 114 of Rambus's Counterclaims.

115.    Micron Technology denies the allegations in paragraph 115 of Rambus's Counterclaims.

116.    Micron Technology admits that it is aware of the '863 Patent. Except as expressly so admitted, Micron Technology denies the allegations in paragraph 116 of Rambus's Counterclaims.

117.    Micron Technology denies the allegations in paragraph 117 of Rambus's Counterclaims.

118.    Micron Technology denies the allegations in paragraph 118 of Rambus's Counterclaims.

119.    Micron Technology denies the allegations in paragraph 119 of Rambus's Counterclaims.

## II.

## DEFENSES

120.    Micron Technology incorporates by reference and realleges the allegations contained in paragraphs 19-107 of its Amended Complaint, dated February 1, 2001, as if fully set forth herein. Micron Technology asserts the following defenses to Rambus's Counterclaims.

### A.    FIRST DEFENSE: LACK OF STANDING

121.    Micron Technology is informed and believes and thereupon alleges that Rambus is not the rightful assignee or the legal owner of any of the Patents-in-Suit, and that Rambus therefore lacks standing to assert infringement of any of the Patents-in-Suit.

### B.    SECOND DEFENSE: NON-INFRINGEMENT

122.    Micron Technology has not infringed, directly or indirectly, any valid claims of any of the patents asserted by Rambus against Micron Technology in its Counterclaims (U.S. Patent Nos. 5,915,105; 5,953,263; 5,954,804; 5,995,443; 6,032,214; 6,032,215; 6,034,918; 6,038,195; 6,324,120; 6,378,020; 6,426,916; and 6,452,863).

### C.    THIRD DEFENSE: INVALIDITY UNDER SECTIONS 102 AND 103

123.    Micron Technology is informed and believes and thereupon alleges that each of the Patents-in-Suit is invalid for failure to meet the conditions of patentability set forth in 35 U.S.C. §§ 102 and 103, because the alleged inventions thereof are anticipated by, taught by, suggested by, and/or obvious in view of the prior art, and no claim of any of the Patents-in-Suit can be validly construed to cover any Micron Technology product or method.

**D.    FOURTH DEFENSE: INVALIDITY UNDER SECTION 112**

124.    Micron Technology is informed and believes and thereupon alleges that the
Patents-in-Suit are invalid for failure to comply with 35 U.S.C. § 112.

**E.    FIFTH DEFENSE: INVALIDITY UNDER SECTION 116**

125.    Micron Technology is informed and believes and thereupon alleges that the
Patents-in-Suit are invalid for failure to comply with 35 U.S.C. § 116.

**F.    SIXTH DEFENSE: UNENFORCEABILITY**

126.    Micron Technology incorporates by reference paragraphs 119 through 124 of its
Amended Complaint as if fully set forth herein.  Micron Technology is informed and believes
and thereupon alleges that the Patents-in-Suit are unenforceable based on, among other reasons,
patent misuse, equitable estoppel, unclean hands, waiver, laches, laches in the Patent and
Trademark Office, and violations of the antitrust and unfair competition laws.

**G.    SEVENTH DEFENSE: INEQUITABLE CONDUCT**

127.    Micron Technology is informed and believes and thereupon alleges that the
Patents-in-Suit are unenforceable because of Rambus's inequitable conduct before the United
States Patent and Trademark Office. Specifically, Micron Technology contends that the Patents-
in-Suit are unenforceable due to inequitable conduct because, prior to the issuance of one or
more of the Patents-in-Suit, Paul Michael Farmwald and/or Mark Horowitz, the named inventors
of the Patents-in-Suit and/or others substantively involved in prosecuting the applications leading
to the Patents-in-Suit (including, without limitation, one or more of the following individuals:
Neil Steinberg, Richard Crisp, Allen Roberts, Lester Vincent, and Anthony Diepenbrock) were
aware of information material to the patentability of the claims of the Patents-in-Suit, but
withheld that information from the U.S. Patent and Trademark Office ("PTO") during
prosecution of one or more of the Patents-in-Suit with the intention of deceiving the PTO, and

made affirmative representations to the PTO during the prosecution of one or more of the

Patents-in-Suit with the intention of deceiving the PTO, including without limitation, (i) failure

to cite material prior art patents and publications during the prosecution of one or more of the

Patents-in-Suit, each of which is material to the patentability of the claims of the patent in which

it was not cited; (ii) failure to disclose information and publications relating to the Scalable

Coherent Interface ("SCI"), and follow-on initiatives to SCI called RamLink and SynchLink,

during the prosecution of one or more of the Rambus Patents in Suit; (iii) failure to disclose

information relating to work done at, and products developed by, MIPS during prosecution of

one of more of the Patents-in-Suit, which is material to the patentability of one or more of the

claims in the Rambus Patents; and (iv) misrepresentation, with the intent to deceive the PTO, the

'715 Hoff et al. patent and the NU bus as point-to-point systems.  The specific prior art patents,

publications, and misrepresentations that form the basis of Micron Technology's allegations are

set forth in its Supplemental Objections and Responses to Rambus Inc.'s Interrogatory No. 5,

dated November 30, 2005, which are incorporated herein by reference.

## H.    EIGHTH DEFENSE: LICENSE

128.    Micron Technology is licensed under the Patents-in-Suit to practice the inventions

claimed therein.

## I.    NINTH DEFENSE: IMPLIED LICENSE

129.    Micron Technology is informed and believes and thereupon alleges that, based

upon Rambus's conduct at JEDEC as alleged in its Amended Complaint, Micron Technology has

an implied license to practice the claims of the Patents-in-Suit.

**J.**    **TENTH DEFENSE: FAILURE TO MARK**

130.    Micron Technology is informed and believes and thereupon alleges that Rambus
is precluded from recovering, in whole or in part, the damages sought in Rambus's
Counterclaims because of its failure to mark, and/or to require its licensees to mark products that
practice the Patents-in-Suit as required by 35 U.S.C. § 287.

**K.**    **ELEVENTH DEFENSE: EXCEPTIONAL CASE**

131.    Micron Technology is informed and believes and thereupon alleges that Rambus's
conduct makes this case exceptional, entitling Micron Technology to an award of attorneys' fees
under 35 U.S.C. § 285.

## III.

## COUNTERCLAIMS

In further response to Rambus's Supplemental and Second Amended
Counterclaims, Plaintiff Micron Technology, Inc. ("Micron Technology") asserts the following
counterclaims against Defendant Rambus Inc. ("Rambus"):

### JURISDICTION

132.    This Court has jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 2201.

### VENUE

133.    Venue properly lies within the United States District Court for the District of
Delaware pursuant to the provisions of 28 U.S.C §§ 1391(b) and (c).

### THE PARTIES

134.    Micron Technology is a corporation incorporated and existing under the laws of
the State of Delaware.

135.    Micron Technology is informed and believes that Rambus is a corporation incorporated and existing under the laws of the State of Delaware.

## FACTUAL BACKGROUND

136.    Micron Technology incorporates by reference and realleges the allegations contained in paragraphs 19-107 of its Amended Complaint, dated February 1, 2001, as if fully set forth herein.

137.    On June 5, 2005, Rambus sought leave to amend and supplement its counterclaims in this action. On January 13, 2006, the Court granted Rambus leave to file its Supplemental and Second Amended Counterclaims, which included four additional counts of patent infringement against Micron Technology, based on four newly-asserted patents.  The newly-asserted patents are U.S. Patent Nos. 6,324,120 (the "'120 Patent"), 6,378,020 (the "'020 Patent"), 6,426,916 (the "'916 Patent"), and 6,452,863 (the "'863 Patent"), collectively referred to as the "Newly-Asserted Patents."

## COUNT ONE

### (Declaratory Judgment of Invalidity, Unenforceability, and Noninfringement of the '120 Patent)

138.    Paragraphs 1 through 137 are incorporated by reference as if stated fully herein.

139.    Rambus has sued Micron Technology for alleged infringement of the '120 Patent.

140.    The claims of the '120 Patent are not infringed by Micron Technology; are invalid for failure to meet the requirements of the patent laws of the United States, including 35 U.S.C. §§ 102, 103, and/or 112; and/or the '120 Patent is unenforceable based upon, among other reasons, patent misuse, equitable estoppel, inequitable conduct, unclean hands, waiver, laches, laches in the Patent and Trademark Office, and violations of the antitrust laws.

141.    Accordingly, there exists an actual controversy between Micron Technology and Rambus concerning whether the claims of the '120 Patent are not infringed by Micron Technology, are invalid, and/or are unenforceable.

142.    Micron Technology seeks a declaration that the '120 Patent is not infringed by Micron Technology, is invalid, and/or is unenforceable.

## COUNT TWO

### (Declaratory Judgment of Invalidity, Unenforceability, and Noninfringement of the '020 Patent)

143.    Paragraphs 1 through 142 are incorporated by reference as if stated fully herein.

144.    Rambus has sued Micron Technology for alleged infringement of the '020 Patent.

145.    The claims of the '020 Patent are not infringed by Micron Technology; are invalid for failure to meet the requirements of the patent laws of the United States, including 35 U.S.C. §§ 102, 103, and/or 112; and/or the '020 Patent is unenforceable based upon, among other reasons, patent misuse, equitable estoppel, inequitable conduct, unclean hands, waiver, laches, laches in the Patent and Trademark Office, and violations of the antitrust laws.

146.    Accordingly, there exists an actual controversy between Micron Technology and Rambus concerning whether the claims of the '020 Patent are not infringed by Micron Technology, are invalid, and/or are unenforceable.

147.    Micron Technology seeks a declaration that the '020 Patent is not infringed by Micron Technology, is invalid, and/or is unenforceable.

## COUNT THREE

### (Declaratory Judgment of Invalidity, Unenforceability, and Noninfringement of the '916 Patent)

148.    Paragraphs 1 through 147 are incorporated by reference as if stated fully herein.

149.    Rambus has sued Micron Technology for alleged infringement of the '916 Patent.

150.    The claims of the '916 Patent are not infringed by Micron Technology; are invalid for failure to meet the requirements of the patent laws of the United States, including 35 U.S.C. §§ 102, 103, and/or 112; and/or the '916 Patent is unenforceable based upon, among other reasons, patent misuse, equitable estoppel, inequitable conduct, unclean hands, waiver, laches, laches in the Patent and Trademark Office, and violations of the antitrust laws.

151.    Accordingly, there exists an actual controversy between Micron Technology and Rambus concerning whether the claims of the '916 Patent are not infringed by Micron Technology, are invalid, and/or are unenforceable.

152.    Micron Technology seeks a declaration that the '916 Patent is not infringed by Micron Technology, is invalid, and/or is unenforceable.

## COUNT FOUR

### (Declaratory Judgment of Invalidity, Unenforceability, and Noninfringement of the '863 Patent)

153.    Paragraphs 1 through 152 are incorporated by reference as if stated fully herein.

154.    Rambus has sued Micron Technology for alleged infringement of the '863 Patent.

155.    The claims of the '863 Patent are not infringed by Micron Technology; are invalid for failure to meet the requirements of the patent laws of the United States, including 35 U.S.C. §§ 102, 103, and/or 112; and/or the '863 Patent is unenforceable based upon, among other reasons, patent misuse, equitable estoppel, inequitable conduct, unclean hands, waiver, laches, laches in the Patent and Trademark Office, and violations of the antitrust laws.

156.    Accordingly, there exists an actual controversy between Micron Technology and Rambus concerning whether the claims of the '863 Patent are not infringed by Micron Technology, are invalid, and/or are unenforceable.

157.    Micron Technology seeks a declaration that the '863 Patent is not infringed by

Micron Technology, is invalid, and/or is unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, Micron Technology respectfully requests that this Court:

a.    Enter judgment on Rambus's Counterclaims against Rambus and in favor of Micron Technology;

b.    Dismiss Rambus's Counterclaims with prejudice;

c.    Enter judgment in favor of Micron Technology declaring that the Patents-in-Suit, including the Newly-Asserted Patents are not infringed, are invalid, and/or are unenforceable;

d.    Award Micron Technology its attorneys' fees and costs expended in this action, as provided by 35 U.S.C. § 285 and as otherwise provided by law; and

e.    Award such other and further relief as this Court deems just and proper.

## JURY DEMAND

Micron Technology demands a trial by jury as to all claims so triable.

Dated: March 15, 2006

*Of Counsel:*

Matthew D. Powers
Jared Bobrow
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065-1175
(650) 802-3000

William C. Price
Jon R. Steiger
Quinn Emanuel Urquhart Oliver &
Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California
(213) 443-3000

Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Matthew W. King (#4566)
King@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899
(302) 651-7700
*Attorneys for Plaintiff Micron Technology, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2006, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

### BY HAND

Mary B. Graham, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE  19899-1347

Josy W. Ingersoll, Esquire
Young Conaway Stargatt & Taylor
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE  19899-0391

I hereby certify that on March 15, 2006, the foregoing document was sent to the following non-registered participants in the manner indicated:

### VIA FEDERAL EXPRESS

Marc E. Raven, Esquire
Sidley Austin Brown & Wood LLP
10 S. Dearborn Street
Chicago, IL  60603

Gregory P. Stone, Esquire
Munger Tolles & Olson LLP
355 South Grande Avenue, 35th Floor
Los Angeles, CA  90071

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com