IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICRON TECHNOLOGY, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RAMBUS INC., )<br>)<br>Defendant. ) | Civil Action No. 00-792-KAJ |
| RAMBUS INC., )<br>)<br>Counterclaim Plaintiff, )<br>)<br>v. )<br>)<br>MICRON TECHNOLOGY, INC., )<br>)<br>Counterclaim Defendants. )<br>) | |

## SCHEDULING ORDER RE-SETTING CASE FOR TRIAL

Pursuant to the Court's Memorandum Opinion dated January 13, 2006, and for the reasons set forth during the telephonic hearings on February 9, 2006 and March 13, 2006,

IT IS HEREBY ORDERED that the scheduling orders previously entered in this case are amended as follows:

1.   Amendment of Pleadings.  All motions to amend or supplement the pleadings shall be filed on or before June 30, 2006.

2.   Discovery.

   a.   Limitations on Supplemental Fact Discovery.

Each side is limited to a total of 100 hours of taking additional fact testimony by deposition upon oral examination in the unclean hands phase and 100 hours total in the patent/conduct phase.

In addition, each side is limited to 25 additional interrogatories in the unclean hands phase and 25 additional interrogatories total in the patent/conduct phase. There are no limits on requests for admission or requests for production.

b. <u>Discovery Cut-Off</u>. All discovery in this case shall be served so as to be completed on or before the dates set forth below in Exhibit A. Unless otherwise ordered by the Court or agreed by the parties, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

c. <u>Disclosure of Expert Testimony</u>. Unless otherwise agreed to by the parties, they shall file any supplemental Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony relative to the patent and conduct issues on or before the dates set forth below in Exhibit A. Unless otherwise agreed to by the parties, they shall file any supplemental Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony relative to the unclean hands issues on or before sixty days before the date of the completion of discovery relative to those issues, and file a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party thirty days before the date for the completion of discovery relative to the unclean hands issues. To the extent any objection to expert testimony is made pursuant to the principles announced in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein for the patent and conduct phases, unless otherwise ordered by the Court. As to the unclean hands phase any *Daubert* motion shall be filed on or before July 31, 2006.

d. <u>Discovery Disputes</u>. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the

party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

3. <u>Interim Status Reports</u>. On ~~April 4 and~~ **June 7, 2006**, counsel shall submit letters to the Court with interim reports on the nature of the matters in issue and the progress of discovery to date.

4. <u>Status Conferences</u>. On ~~April 14 and~~ **June 14, 2006**, the Court will hold Rule 16(a), (b) and (c) conferences by telephone with counsel beginning at **4:30 p.m.** Plaintiff's counsel shall initiate the telephone calls.

If all parties agree that there is nothing to report, nor anything to add to the interim status reports or to this order, they may so notify the Court in writing before the conferences are scheduled to occur, and the conferences will be taken off of the Court's calendar.

5. <u>Tutorial Describing the Technology and Matters in Issue</u>. The parties shall provide the Court by **September 15, 2006 at 9:30 a.m.**, a tutorial on the technology and matters at issue. In that regard, each party may submit a videotape of not more than 30 minutes. The parties may choose to present the tutorial in person. In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions. If the parties choose to file videotapes, they should be filed under seal as part of the

3

Court's file, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's videotape tutorial. Any such comment shall be filed within ten (10) days of submission of the videotapes.

6. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before the dates set forth below in Exhibit A. Briefing will be presented pursuant to the Court's Local Rules.

7. <u>Claim Construction Issue Identification</u>. If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on **April 6, 2007**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to Exhibit A below. The parties Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

8. <u>Claim Construction</u>. Issues of claim construction shall be submitted to the Court no later than the date set forth below in Exhibit A, to be considered by the Court in conjunction with the parties' summary judgment motions.

9. <u>Hearing on Claim Construction</u>. Beginning at **9:30 a.m.** on the date set forth below in Exhibit A, the Court will hear evidence and argument on claim construction and summary judgment.

10. <u>Pretrial Conference</u>. On the dates set forth below in Exhibit A, the Court will hold Final Pretrial Conferences in Chambers with counsel beginning at **4:30 p.m.** Unless otherwise ordered by the Court, the parties should assume that filing the pretrial orders satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial orders with the information required by the forms of Final Pretrial Orders which accompanies this Scheduling Order on or before the dates set forth below.

11. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses shall be set forth in the proposed pretrial order. Each party shall be limited to ten *in limine* requests in each trial phase, unless otherwise permitted by the Court. The motion and response thereto shall contain the authorities relied upon, and no single *in limine* request shall have more than five pages of argument associated with it. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

12. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a claim or issue is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdicts and interrogatories three full business days before the appropriate final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains a copy of these instructions and proposed voir dire and special verdicts and interrogatories.

13. <u>Trial</u>. The trial for this action shall proceed in three phases, on the schedule set forth below in Exhibit A. In the first "unclean hands" phase, the Court will hold a bench trial on Micron's affirmative defense of unclean hands. In the second "patent" phase, the parties will try Rambus's claims of patent infringement and Micron's claims of non-infringement and invalidity. In the third "conduct" phase, the parties will try all of Micron's remaining claims for affirmative relief and defenses.

Each trial shall begin at 9:30 a.m. on the dates set forth below. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a set number of hours to try each phase of the case.

IT IS SO ORDERED this 16th day of March, 2006.

_____
Honorable Kent A. Jordan
United States District Court Judge

# EXHIBIT A

A. UNCLEAN HANDS

| EVENT | DATE |
|---|---|
| Discovery cutoff for unclean hands issues | July 31, 2006 |
| Parties to file Final Pretrial Order for the unclean hands trial | August 25, 2006 |
| Pretrial conference for unclean hands trial | September 25, 2006 at 4:30 p.m. |
| Unclean hands trial date (bench trial) | October 23-27, 30-31, 2006 beginning at 9:00 a.m. |
| Deadline for post-trial briefs to be filed | January 17, 2007 |
| Deadline for reply briefs to be filed | January 31, 2007 |

B. PATENT ISSUES

| EVENT | DATE |
|---|---|
| Fact discovery cutoff | February 2, 2007 |
| Deadline for identifying experts on which a party bears the burden of proof | February 9, 2007 |
| Deadline for opening expert reports on which the party bears the burden of proof | March 2, 2007 |
| Deadline for rebuttal expert reports | March 30, 2007 |
| Deadline for exchanging list of disputed terms | April 6, 2007 |
| Expert discovery cutoff | April 20, 2007 |
| Joint claim construction chart to be filed | April 16, 2007 |
| Deadline for opening briefs on dispositive motions and claim construction to be filed | April 27, 2007 |
| Deadline for opposition briefs on dispositive motions and claim construction to be filed | May 21, 2007 |

| EVENT | DATE |
|---|---|
| Deadline for reply briefs on dispositive motions to be filed | June 1, 2007 |
| Hearing on claim construction and dispositive motions on | June 22, 2007 at 9:30 a.m. |
| Parties to file Final Pretrial Order for patent trial | September 10, 2007 |
| Pretrial conference for patent trial | October 10, 2007 at 4:30 p.m. |
| Patent trial date (jury trial) | November 5-16, 2007 at 9:30 a.m. |
| Deadline for post-trial motions to be filed | January 4, 2008 |
| Deadline for oppositions to post-trial motions to be filed | February 1, 2008 |
| Deadline for reply briefs on post-trial motions to be filed | February 15, 2008 |

C. CONDUCT ISSUES

| EVENT | DATE |
|---|---|
| Deadline for dispositive motions to be filed | May 1, 2008 |
| Deadline for oppositions to dispositive motions to be filed | May 29, 2008 |
| Deadline for reply briefs on dispositive motions to be filed | June 16, 2008 |
| Hearing on dispositive motions on conduct issues | June 27, 2008 at 9:30 a.m. |
| Parties to file Final Pretrial Order for conduct trial | September 15, 2008 |
| Pretrial conference for conduct trial | October 15, 2008 at 4:30 p.m. |
| Conduct trial date (jury trial) | November 10-21, 2008 at 9:30 a.m. |

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2006, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

### BY HAND

Mary B. Graham, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899-1347

Josy W. Ingersoll, Esquire
Young Conaway Stargatt & Taylor
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391

I hereby certify that on March 16, 2006, the foregoing document was sent to the following non-registered participants in the manner indicated:

### VIA FEDERAL EXPRESS

Marc E. Raven, Esquire
Sidley Austin Brown & Wood LLP
10 S. Dearborn Street
Chicago, IL 60603

Gregory P. Stone, Esquire
Munger Tolles & Olson LLP
355 South Grande Avenue, 35th Floor
Los Angeles, CA 90071

Matthew W. King (#4566)
king@rlf.com