IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICRON TECHNOLOGY, INC., | ) |
|   Plaintiff, | ) |
| v. | ) Civil Action No. 00-792-KAJ |
| RAMBUS INC., | ) |
|   Defendant. | ) |
| RAMBUS INC., | ) |
|   Counterclaim Plaintiff, | ) |
| v. | ) |
| MICRON TECHNOLOGY, INC., | ) |
|   Counterclaim Defendant. | ) |

**MEMORANDUM ORDER**

**I.    INTRODUCTION**

This matter is before me upon the objections of the parties to the Report and Recommendation (Docket Item ["D.I."] 725; the "R&R") submitted on March 6, 2006, by Vincent J. Poppiti, Esquire, whom I appointed as Special Discovery Master ("SDM") in this case (D.I. 690). For the following reasons, and with the limited exceptions noted, the objections are overruled and the R&R is adopted as the ruling of this court.

As I write for the benefit of the parties, further to the direction that I gave the parties in open court following oral argument on June 2, 2006, I do not provide detailed background information. Those interested in such information should refer to the thorough background discussion provided by the SDM in the R&R. For now, suffice it

to say that the parties' objections to the R&R are only the latest in a long series of battles Rambus has had over the attorney-client privilege, battles that have raged in three different federal district courts, in the FTC, and in the United States Court of Appeals for the Federal Circuit. The dispute here can be viewed as involving two categories of documents. These two sets of documents were described in the R&R and will be referred to here as the "5/16/01 Documents" and the "JEDEC Documents." (See D.I. 725 at 16-18, 39 (the "5/16/01 Documents"); *id.* at 24-25 (the "JEDEC Documents").)

## II. DISCUSSION

### A. The 5/16/01 Documents

I agree with the SDM that the 5/16/01 Documents must be produced, but I do not do so on the basis that the 5/16/01 order by former Judge McKelvie is the controlling law of the case. (See D.I. 725 at 22-24.) Without deciding that issue, which would involve attempting to sort out what has and has not changed over the course of the last five years and the several legal proceedings in which Rambus has been embroiled, I believe that the documents are discoverable because any privilege with respect to them was knowingly waived by Rambus, as Judge Whyte found in *Hynix Seminconductor Inc. v. Rambus, Inc.*, No. CV-00-20905 RMW at 4-5, 9-10 (N.D. Cal. Feb. 26, 2004) (finding that in proceedings before the FTC, "Rambus agreed to produce [the 5/16/01 documents]. Rambus has offered no evidence that it proposed to put in place any protective order concerning these documents as a condition to produce them to the FTC." The Court thus found that Rambus's "failure to subsequently seek protection

over these same documents in the FTC proceedings waives these rights."). (*See* D.I. 749, Ex. A at Ex. 1.)[1]

## B. The JEDEC documents

As to the JEDEC documents, I agree with the SDM that Micron has failed to make out a prima facie case for application of the crime-fraud exception to the attorney-client privilege, and I therefore will not order production of those documents. The SDM was correct in concluding that Micron had failed to make out a prima facie case of fraud, under Virginia law, because it failed to demonstrate on the present record that Rambus had a legal duty to disclose anything beyond what it did disclose to JEDEC.

Micron argues vociferously that the SDM relied on the Federal Circuit's opinion in *Rambus Inc. v. Infineon Technologies AG*, 318 F.3d 1081 (Fed. Cir. 2003) *cert. denied*, 540 U.S. 874 (2003), and then wrongly ruled as a matter of law that there was no duty of disclosure. Micron is particularly emphatic that the question of whether there was a duty of disclosure must be seen as a mixed question of law and fact, not purely a question of law. I will leave that question for another day. For now it is enough to say that I agree with the conclusion that piercing the attorney-client privilege is inappropriate, and I do so on the basis that Micron failed to carry its burden of

---

[1] My ruling on waiver does not extend, as Micron is urging, to other documents that have not previously been produced. Micron's argument that Rambus has waived its privilege with respect to documents on the same subject matter as the documents produced in *Hynix* and to the FTC, but not actually produced in those cases, is unpersuasive on this record. The waiver of privilege that requires disclosure here is based on actual production of documents. Micron has not demonstrated that documents that were not actually produced in those other cases should be disclosed to avoid an unfairly selective disclosure. Consequently, the waiver will not be expanded. This is not an invitation to further motions practice about waiver. It is only a statement about this defined and limited set of documents.

demonstrating a prima facie case on each of the elements of a common law action for fraud under Virginia law.

The Federal Circuit's *Infineon* opinion is highly instructive. After discussing the JEDEC policy applicable to Rambus when it was a member of JEDEC, the Federal Circuit concluded, on essentially the same record presented here, that "[a] policy that does not define clearly what, when, how, and to whom the members must disclose does not provide a firm basis for the disclosure duty necessary for a fraud verdict." Id. at 1102. It was therefore entirely correct for the SDM to conclude that Micron had not demonstrated, at even a prima facie level, an indispensable element of a fraud action. On independent review, I reach the same conclusion.

Micron's efforts are not materially advanced by its argument that an attempted fraud provides a basis for privilege piercing, even though no prima case of actual fraud has been shown. That argument rests on the erroneous premise that one can be held culpable for attempting to do something which is not itself legally culpable. The argument refutes itself.

Micron relied heavily during oral argument on a Delaware case, *Matter of Sutton*, C.A. No. 96M-08-024, 1996 WL 659002 (Del. Super. Aug, 30, 1996), though it did not cite the case at all in its opening brief. But *Sutton* does not support Micron's position, even if it were controlling precedent.[2] The Court in *Sutton* held that

> Requiring the establishment of a completed fraud could in some cases insulate from inspection attorney-client communications which were made

---

[2] The operative law on the question of fraud appears to be, as the Federal Circuit noted, Virginia law. *Infineon Tech.*, 318 F.3d at 1087 ("this court applies Virginia commonwealth law to the fraud actions").

4

> in furtherance of a crime or fraud as long as the crime or fraud was prevented from reaching completion ... by impossibility. This Court believes the crime-fraud exception was intended to apply to communications entered into which were intended to be used as a basis for criminal or fraudulent activity, whether or not that criminal or fraudulent intent ever comes to fruition.

*Id.* at *11. Micron argues that *Sutton* shows an attempted crime or fraud is sufficient to pierce the attorney-client privilege when the crime or fraud was prevented by impossibility. Micron asserts that, even if Rambus was not subject to a duty to disclose, if Rambus thought it was subject to such a duty, Rambus was attempting to commit a fraud, and such fraud was not completed only because it was legally impossible for Rambus to commit it.

The *Sutton* case, however, was discussing a factual impossibility. Factual impossibility exists where, although the actor had the intent to commit an illegal or fraudulent act, that actor was prevented from completing the act because of some fact. A charge of attempt can be made when an actor attempts to commit an act but is prevented because it was factually impossible. *See, e.g., State v. DiNorscia*, 511 A.2d 1040, 1043 (Del. Super. 1986) ("the defendant may be convicted of attempt to commit Theft of Services if the State proves that with the requisite intent, the defendant committed acts which if the facts had been as he thought them to be, would have constituted the crime of Theft of Services"). Here, by contrast, Rambus's actions were within the law, for the reasons described by the Federal Circuit. Factual impossibility simply does not enter into it.[3]

---

[3] Regional Circuit law controls on questions of waiver. *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1346 (Fed. Cir. 2005) ("This court applies the law of the regional circuit ... with respect to questions of attorney-client privilege and waiver of

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

(1) the March 6, 2001 R&R (D.I. 725) constitutes the findings and conclusions of this court, except as otherwise stated herein;

(2) Rambus shall produce the 5/16/01 Documents to Micron, as Rambus waived any privilege with respect to those documents by producing them in the Hynix litigation and to the FTC. None of the other documents requested by Micron need be produced.

_____
UNITED STATES DISTRICT JUDGE

Wilmington, Delaware
June 15, 2006

---

attorney-client privilege."). The Federal Circuit also recently addressed the issue in *In re Echostar*, ___ F.3d ___, 2006 WL 1149528 (Fed. Cir. May 1, 2006), holding that when a party waives the attorney-client privilege by asserting an advice of counsel defense, the privilege is waived for all communications on the same subject matter, whether those communications were made before or after the infringing act. I do not read *Echostar*, however, as requiring a wholesale waiver under the circumstances presented here.