IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MICRON TECHNOLOGY, INC., :
:
       Plaintiff :
:
v. :
:
RAMBUS INC., :
:
       Defendant. :
_____:
: Civil Action No. 00-792-JJF
RAMBUS INC., :
:
       Counterclaim :
       Plaintiff, :
:
v. :
:
MICRON TECHNOLOGY, INC., :
MICRON ELECTRONICS, INC., and :
MICRON SEMICONDUCTOR :
PRODUCTS, INC., :
:
       Counterclaim :
       Defendants. :
_____:

## MEMORANDUM ORDER

Pending before the Court is Defendant's Renewed Motion To Transfer This Action To The Northern District Of California (D.I. 929). For the reasons discussed, the Motion will be denied.[1]

---

[1] Both parties represent that they are ready for trial on the Phase I "unclean hands" issue, and it has been determined that October 15, 2007 is the most convenient date to hold the trial.

I.  BACKGROUND[2]

On August 28, 2000, Plaintiff Micron Technology, Inc. ("Micron") filed this action seeking a declaratory judgment that its products do not infringe Defendant Rambus Inc.'s ("Rambus") patents and alleging that Defendant committed fraud and engaged in acts of unfair conduct.  Defendant counterclaimed, asserting that Plaintiff infringed twelve of Defendant's patents.  The parties proceeded with discovery until February 27, 2002, when the Court stayed the proceedings pending Defendant's appeal of the ruling in Rambus' suit against Infineon in the Court of Appeals for the Federal Circuit.  The stay was lifted on January 13, 2006, following the appeal.  On the same day, Rambus sued Micron in the Northern District of California for patent infringement.

The Court determined a phased trial was warranted, and on February 9, 2006, the Court entered a scheduling order setting a trial date for the "unclean hands" phase for October 2006.  The Court also scheduled November 2007 and November 2008 trial dates for the infringement and conduct phases of trial respectively.  On February 14, 2006, Defendant filed a motion to transfer the case to the Northern District of California, citing four actions in that forum involving Defendant's patents.  (D.I. 712).  The

---

[2] This case was being managed by the Magistrate Judge as a result of the elevation of the Honorable Kent A. Jordan to the Court of Appeals.

Court denied the motion on March 29, 2006, finding that the Defendant was attempting to forum-shop.

Following the denial of Defendant's motion to transfer, the parties completed discovery on the unclean hands phase of the trial. The Court rescheduled the October 2006 trial to January 2007. In January 2007, the case was assigned to the Magistrate Judge to manage pending the appointment of a new district judge. The Magistrate Judge vacated all of the trial dates, and on April 4, 2007, the matter was assigned to this Court.

## II. PARTIES' CONTENTIONS

By its present Motion To Transfer, Defendant contends that transfer of this case to the Northern District of California is appropriate pursuant to 28 U.S.C. § 1404(a). Specifically, Defendant contends that a transfer would best serve the interests of justice and promote judicial economy, given the various reassignments of the case and pending litigation in the Northern District of California that involves the same or similar technologies and parties. In addition, Defendant contends that Plaintiff will suffer no undue prejudice as a result of the transfer because all of the trial dates here have been vacated. Defendant further contends that the convenience of the parties and witnesses will best be served by a transfer.

In response, Plaintiff contends that its choice to file this action in Delaware is entitled to substantial deference because

it chose to litigate in Delaware for a rational and legitimate reason, namely, both parties' incorporation in the state. Because the instant case was filed prior to the cases involving Defendant proceeding in the Northern District of California, Plaintiff contends that the "first-filed rule" applies and the District of Delaware cannot be compelled to transfer the instant case. Plaintiff contends that Defendant's only new argument in its renewed motion regarding the reassignment of the case is baseless because the District of Delaware has extensive experience in dealing with patent matters and is capable of providing a neutral forum to resolve the dispute. Plaintiff further contends that a transfer would unduly prejudice Plaintiff by further extending the trial date. In addition, Plaintiff contends that the Court has rejected Defendant's arguments regarding judicial efficiency and inconsistent judgments in its previous decision concerning Defendant's first motion to transfer.

### III. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1404(a) (2000), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of § 1404(a) is "to prevent the waste of time, energy, and money and to protect litigants, witnesses, and the

public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal citations omitted). The Third Circuit has set forth a list of private[3] and public[4] factors for district courts to consider when reviewing a motion to transfer under 28 U.S.C. § 1404(a). See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995). Ordinarily, the burden is on the movant to establish that the balance of the interests weighs strongly in favor of the requested transfer. Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970). A transfer will be denied if the factors are evenly balanced or weigh only slightly in favor of the transfer. Continental Cas. Co. v. Am. Home Assurance Co., 61 F. Supp. 2d 128, 131 (D. Del. 1999).

---

[3] These factors include six private interests: (1) the plaintiff's forum preference as evidenced by his or her original choice, (2) the defendant's preference, (3) whether the claim arose elsewhere, (4) the convenience of the parties due to their relative physical and financial condition, (5) the convenience of the expected witnesses, but only so far as the witnesses might be unavailable for trial if the trial is conducted in a certain forum, and (6) the location of books and records could not be produced in a certain forum.

Jumara, 55 F.3d at 879.

[4] The factors also include six public interests: (1) the enforceability of the judgment, (2) practical considerations regarding the ease, speed, or expense of trial, (3) the administrative difficulty due to court congestion, (4) the local interest in deciding local controversies in the home forum, (5) the public policies of the two fora, and (6) the trial judge's familiarity with the applicable state law in diversity cases.

Id. at 879-80.

## IV. DISCUSSION

### A. Whether Plaintiffs' Choice Of Forum Is Entitled To "Paramount Consideration."

The Plaintiffs' choice of forum is entitled to "paramount consideration." Shutte, 431 F.2d at 25. This choice should not be lightly disturbed if there is a legitimate, rational reason to litigate away from the corporation's "home turf." Waste Distillation Tech., Inc. v. Pan Am. Res., Inc., 775 F. Supp. 759, 764 (D. Del. 1991). A corporation's decision to incorporate in a particular state is a rational and legitimate reason to choose to litigate in that state. Stratos Lightwave, Inc. v. E20 Communs., Inc., 2002 U.S. Dist. LEXIS 5653 at *7 (D. Del. 2002). Therefore, the Court concludes that Plaintiff's decision to litigate in Delaware, where both parties are incorporated, is entitled to deference despite the fact that it is headquartered in Idaho and Defendant's headquarters are in California. Thus, to prevail on its Motion, Defendant must establish that the private and public interest factors strongly favor transfer.

### B. Whether The Private Interest Factors Strongly Favor Transfer.

The Court concludes that Defendant has not met its burden of demonstrating that the private interest factors weigh strongly in favor of transfer. Defendant contends that the convenience of the parties and witnesses warrants a transfer. (D.I. 930 at 17). Defendant raised the same argument regarding convenience to the

parties in its first motion to transfer, which was denied, citing the Plaintiff's choice of forum. (Tr. of Mots. Hr'g, 24). Both parties are incorporated in Delaware and chose to be corporate citizens of Delaware for legal and other purposes. Certainly, Defendant cannot now complain because it is involved in litigation in Delaware. In these circumstances, the Court concludes that Defendant has not demonstrated that the convenience of the parties would be so greatly burdened by litigating in Delaware as to weigh strongly in favor of transfer.

With respect to the convenience of the witnesses, the Court concludes that this factor does not weigh strongly in favor of transfer. The same argument was raised in Defendant's first motion to transfer, and was dismissed by the Court as merely a red herring. (Tr. of Mots. Hr'g, 24). Although Defendant contends that the vast majority of the witnesses live in California, the convenience of the witnesses is only relevant to the extent they would be unavailable for trial in the forum. <u>Jumara</u>, 55 F.3d at 879. Here, when addressing the first transfer motion, the Court found that Defendant would be able to persuade or cause its own former employees to testify on its behalf, and video depositions would be an acceptable substitute for live testimony, particularly since the first phase trial will be a bench trial. The Court finds that no circumstances with respect to the witnesses have substantially changed since the Court

issued its March 29, 2006 Order denying transfer. Therefore, the Court concludes that transfer is not warranted on the basis of the asserted private interests.

    C. <u>Whether The Public Interest Factors Strongly Favor Transfer.</u>

With respect to Defendant's contention that the public interest in judicial economy weighs in favor of transfer, the Court concludes that this factor weighs only slightly in favor of transfer. The reassignment of the instant action to this Court has indisputably had a negative impact on the ease and speed of reaching trial. As Defendant points out, the trial dates have been vacated and have yet to be rescheduled. However, the Court finds that the reassignment of the case and the accompanying delays are not sufficient reasons to transfer. There is no guarantee that the Phase I issue would be tried more promptly in the Northern District of California, and in fact, it is likely these issues would be delayed until at least late 2009 in that forum.

In sum, although the instant action involves some overlap with the four cases pending in the Northern District of California, the Court finds that the Phase I "unclean hands" issue should be tried in Delaware and the Court is prepared to

hold trial commencing on October 15, 2007. The Court further concludes that adding another trial to the docket in the Northern District of California will not serve the interests of judicial economy.[5]

NOW THEREFORE IT IS HEREBY ORDERED that:

1. Defendant's Renewed Motion For Transfer To The Northern District Of California (D.I. 929) is **DENIED**.

2. The Phase I "clean hands" trial shall commence on October 15, 2007.

June 14, 2007
DATE

_____
UNITED STATES DISTRICT JUDGE

---

[5] Because of the Court's decision to deny the Motion, there is no need to address Plaintiff's "first-filed" argument.

9