IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICRON TECHNOLOGY, INC., <br><br> Counterclaim Defendant, <br><br> v. <br><br> RAMBUS INC., <br><br> Counterclaim Plaintiff. | Civil Action No. 00-792-KAJ |

## MICRON'S MOTION TO PRECLUDE RAMBUS FROM RELITIGATING THE ISSUE OF SPOLIATION

Of Counsel:

WEIL, GOTSHAL & MANGES LLP
Matthew D. Powers
Jared Bobrow
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1175
(650) 802-3000

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
William C. Price
Jon R. Steiger
Dominic Surprenant
Diane C. Hutnyan
Robert Becher
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

Dated: August 25, 2006

Frederick L. Cottrell, III (#2555)
*Cottrell@rlf.com*
Matthew W. King (#4566)
*King@rlf.com*
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

Attorneys for Micron Technology, Inc.

Micron Technology, Inc. hereby moves for an order (a) precluding Rambus from relitigating the issue of spoliation and (b) finding the Samsung court's determination of the issue to be conclusive for purposes of this action.

On July 18, 2006, in the Samsung Electronics Co., Ltd. v. Rambus Inc. action in the Eastern District of Virginia before the Honorable Robert E. Payne, the court found by clear and convincing evidence that Rambus engaged in spoliation of evidence in 1998, 1999, and 2000. --- F. Supp. 2d ----, 2006 WL 2038417 (E.D. Va. July 18, 2006) (attached as Exhibit A). In reaching its decision, the Samsung court incorporated the entire record of the unclean hands trials in the Rambus v. Infineon action in the Eastern District of Virginia and the Hynix v. Rambus action in the Northern District of California.

The court's determination of the issue of spoliation in the Samsung action should be given preclusive effect in this action. The requirements for the application of collateral estoppel are satisfied, and there are no special circumstances justifying its denial.

## BACKGROUND

On June 7, 2005, after Rambus filed a patent infringement action against Samsung in the Northern District of California, Samsung filed an action against Rambus in the Eastern District of Virginia. Samsung sought a declaratory judgment that, among other things, four of Rambus's patents were unenforceable under the doctrine of unclean hands. The patents at issue in the Samsung action were the patents-in-suit in the Infineon action and are at issue in this action. In addition, Samsung moved for a finding that the case was "exceptional" and for an award of attorney's fees under 35 U.S.C. § 285.

On November 8, 2005, Samsung's declaratory judgment action was dismissed without prejudice as moot. But Rambus's motion to dismiss Samsung's claim for attorney's fees was denied. See Samsung, 398 F. Supp. 2d 470 (E.D. Va. 2005). The court concluded that it retained jurisdiction to decide Samsung's claim for attorney's fees.

On July 18, 2006, in deciding Samsung's motion, the court concluded that the case was "exceptional." The court found by clear and convincing evidence that Rambus had engaged in spoliation of evidence. See Samsung, 2006 WL 2038417, at *42. But the court then exercised its discretion to

decide that an award of attorney's fees was not appropriate as a sanction for Rambus's spoliation of evidence. See id. at *44-*46.

## ARGUMENT

I.  **THE SAMSUNG COURT'S DETERMINATION OF THE ISSUE OF SPOLIATION SHOULD BE GIVEN PRECLUSIVE EFFECT.**

Under the doctrine of collateral estoppel, "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." Burlington N. R.R. Co. v. Hyundai Merch. Marine Co., Ltd., 63 F.3d 1227, 1232 (3d Cir. 1995). The Third Circuit has "consistently applied this general rule." Nat'l R.R. Passenger Corp. v. Pa. Public Util. Comm'n, 288 F.3d 519, 525 (3d Cir. 2002).

The Third Circuit has identified the standard requirements for the application of collateral estoppel: the identical issue was adjudicated; the issue was actually litigated; the previous determination was necessary to the decision; the party being precluded from relitigating the issue was fully represented and had a full and fair opportunity to litigate the issue in the prior action; and the issue was determined by a final and valid judgment. See Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc., --- F.3d ----, 2006 WL 2337267, at *3 (3d Cir. Aug. 14, 2006). These requirements are satisfied for the Samsung court's determination of the issue of spoliation.

### A. The Identical Issue Of Spoliation Was Previously Adjudicated In Samsung.

"Identity of issue is established by showing that the same general rules govern both cases and that the facts of both cases are indistinguishable as measured by those rules." Suppan v. Dadonna, 203 F.3d 228, 233 (3d Cir. 2000). The Third Circuit has clarified that "to defeat a finding of identity of the issues for preclusion purposes, the difference in the applicable legal standards must be substantial." Raytech Corp. v. White, 54 F.3d 187, 191 (3d Cir. 1995).

In the Samsung action, the court found by clear and convincing evidence that Rambus engaged in spoliation of evidence in 1998, 1999, and 2000. In this action, Micron seeks to prove that Rambus engaged in spoliation of evidence in 1998, 1999, and 2000. Because there are no substantial differences

in the applicable legal standards and the relevant facts are not distinguishable as measured by those standards, this requirement is satisfied.

### B. The Issue Of Spoliation Was Actually Litigated In Samsung.

The Third Circuit has explained that "[a]n issue is actually litigated when it is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined." O'Leary v. Liberty Mut. Ins. Co., 923 F.2d 1062, 1066 (3d Cir. 1991). It is evident from the extensive discussion and analysis in the Samsung court's opinion that the issue of spoliation was put in issue by the pleadings, submitted for determination to the court, and determined. 2006 WL 2038417, at *17-*42.

### C. The Prior Determination Of The Issue Was Necessary To The Decision In Samsung.

To determine whether a determination of an issue was necessary to a prior decision, a court should "look to whether the issue 'was critical to the judgment or merely dicta.'" Nat'l R.R. Passenger Corp., 288 F.3d at 527 (citing O'Leary, 923 F.2d at 1067). The Third Circuit has decided to "follow the traditional view that independently sufficient alternative findings should be given preclusive effect." Jean Alexander Cosmetics, Inc., 2006 WL 2337267, at *10.

As demonstrated by the extensive discussion and analysis in the court's opinion in the Samsung action, the court's finding of spoliation was necessary to its decision. See Samsung, 2006 WL 2038417, at *1, *5, *10. The court first determined the issue of spoliation. The court then considered its finding of spoliation in determining the issue of whether an award of attorney's fees was appropriate. Samsung, 2006 WL 2038417, at *17-*42, *44-*46. The court could not have made its determination regarding attorney's fees without its finding of spoliation.

### D. Rambus Had A Full And Fair Opportunity To Litigate The Issue In Samsung.

It is evident from the record and the court's opinion in the Samsung action that Rambus had a full and fair opportunity to litigate the issue of spoliation. 2006 WL 2038417, at *10-*11. The Samsung court incorporated the entirety of the extensive record (i.e., the testimony and exhibits offered by both sides) of the unclean hands trials in the Infineon action and the Hynix action. Id. Rambus was an active

08897/1939540.1                    3

litigant in both trials. Id. at *11. In addition, Rambus was afforded an opportunity to present additional evidence at a December 15, 2005 hearing in the Samsung action, but Rambus chose not to do so. Id.

### E. The Issue Was Determined By A Final And Valid Judgment In Samsung.

The Third Circuit has explained that a "[f]inal judgment (with respect to issue preclusion) includes any prior adjudication of an issue in another action between the parties that is determined to be sufficiently firm to be accorded conclusive effect." Dyndul v. Dyndul, 620 F.2d 409, 412 (3rd Cir. 1980). A court may consider a number of factors, including whether the parties were fully heard and whether a reasoned opinion was filed. See In re Brown, 951 F.2d 564, 569 (3d Cir. 1991). While a court may consider whether a decision could have been or actually was appealed, the judgment does not need to be final in the sense of appealable. See id.

As demonstrated by the record and the court's opinion in the Samsung action, the parties were fully heard, and a reasoned opinion was filed. 2006 WL 2038417, at *17-*42. The court's decision was not a tentative ruling. As a result, it is final for the purposes of collateral estoppel. In addition, Rambus could appeal and has appealed the Samsung court's opinion. See, e.g., Jean Alexander Cosmetics, Inc., 2006 WL 2337267, at *11; Deposit Guar. Nat'l Bank v. Roper, 445 U.S. 326, 335 (1980); Electrical Fittings Corporation v. Thomas & Betts Co., 307 U.S. 241, 241-43 (1939); see also Rambus's Notice of Appeal (attached as Ex. B).

## II. THERE ARE NO SPECIAL CIRCUMSTANCES JUSTIFYING THE DENIAL OF COLLATERAL ESTOPPEL.

The use of collateral estoppel is "defensive" where it is asserted by "a defendant seeking to estop a plaintiff from relitigating an issue which the plaintiff has previously litigated and lost." Nat'l R.R. Passenger Corp., 288 F.3d at 525. In this phase, Micron is the defendant asserting its unclean hands defense. (Scheduling Order (Mar. 16, 2006), at 6 ("In the first 'unclean hands' phase, the Court will hold a bench trial on Micron's affirmative defense of unclean hands.").) Micron's use of collateral estoppel is "defensive": Micron, the defendant, is seeking to estop Rambus, the plaintiff, from relitigating the issue of spoliation which it has litigated and lost.

The Third Circuit has stated that "[t]he predominant question in preclusion cases involving defensive or mutual collateral estoppel is whether the basic requirements for issue preclusion are satisfied." Jean Alexander Cosmetics, Inc., 2006 WL 2337267, at *3-*4. Thus, where the basic requirements are satisfied, absent significant changes in controlling facts or legal principles or other special circumstances, a court should apply collateral estoppel. See Montana v. U.S., 440 U.S. 147, 157-58 (1979); Raytech Corp., 54 F.3d at 190 (citing Montana).

In this action, there are no special circumstances justifying the denial of collateral estoppel. There have not been any significant changes in the controlling facts or legal principles or context, since the Samsung court's opinion on July 18, 2006. Both actions involve Rambus's patent infringement claims and the alleged infringer's unclean hands defenses, and neither action involves a state court determination. In addition, as discussed above, Rambus had a full and fair opportunity to litigate the issue of spoliation.

## CONCLUSION

For the foregoing reasons, Micron moves for an order (a) precluding Rambus from relitigating the issue of spoliation and (b) finding the Samsung court's determination of the issue to be conclusive for purposes of this action.

Dated: August 25, 2006

Of Counsel:

WEIL, GOTSHAL & MANGES LLP
Matthew D. Powers
Jared Bobrow
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1175
(650) 802-3000

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
William C. Price
Jon R. Steiger
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

/s/ Frederick L. Cottrell, III

Frederick L. Cottrell, III (#2555)
*Cottrell@rlf.com*
Matthew W. King (#4566)
*King@rlf.com*
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

Attorneys for Micron Technology, Inc.