IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICRON TECHNOLOGY, INC., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>RAMBUS INC., )<br>)<br>Defendant. )<br>_____ )<br>)<br>RAMBUS INC., )<br>)<br>Counterclaim Plaintiff, )<br>v. )<br>)<br>MICRON TECHNOLOGY, INC., MICRON )<br>ELECTRONICS, INC., and MICRON )<br>SEMICONDUCTOR PRODUCTS, INC., )<br>)<br>Counterclaim Defendants. )<br>_____ )  | C.A. No. 00-792 (SLR) |

### SPECIAL MASTER'S REPORT AND RECOMMENDATIONS ON RAMBUS'S MOTION *IN LIMINE* TO LIMIT USE OF DEPOSITION TESTIMONY (D.I. 965) AND MICRON'S MOTION *IN LIMINE* FOR AN ORDER REQUIRING RAMBUS TO MAKE ITS WITNESSES AVAILABLE TO TESTIFY LIVE (D.I. 949)

This matter comes before me, as Special Master, on the motion of defendant, Rambus Inc. ("Rambus") to limit use of deposition testimony at the "unclean hands" trial (D.I. 965), and on the motion of Micron Technology, Inc. ("Micron") for an order requiring Rambus to make its witnesses available to testify live in Micron's case-in-chief in that trial (D.I. 949). Rambus opposes Micron's request in its brief. (D.I. 957). Micron opposes Rambus's request in its response. (D.I. 969).

Having read and considered the briefs and memoranda submitted by the parties, and having considered the relevant facts, applicable case law and statutory authority, and the arguments of counsel, the Special Master **RECOMMENDS** that Rambus's motion to limit use of deposition

testimony be **GRANTED IN PART**, subject to the terms and conditions set forth more fully herein, and that Micron's motion be **GRANTED IN PART**, subject to the terms and conditions set forth more fully herein.[1]

## BACKGROUND

1. This case is scheduled for a bench trial on Micron's "unclean hands" defense beginning on October 15, 2007. In connection with the filing of the final pretrial order on August 25, 2006, the parties filed dueling motions *in limine* respecting the manner in which witness testimony should be presented at that trial. For its part, Rambus filed a motion *in limine* to limit the use of deposition testimony. Specifically, Rambus indicated that, although most of the witnesses identified by the parties live outside of the subpoena power of the Court, certain witnesses have agreed to testify live in Rambus's case. Rambus proposed that such witnesses also be made available to testify live in Micron's case-in-chief, on certain conditions: (1) that Micron advise Rambus in advance of the order of witnesses in its case and the anticipated duration of Micron's examination of such witnesses; (2) that immediately following Micron's examination of each live witness, Rambus be permitted to conduct its entire examination of the witness (*i.e.*, not limited to the scope of Micron's direct), followed by Micron's redirect and a cross-examination as to matters raised by Rambus's examination, and finally by Rambus's redirect, at which point the witness would be released and free to return home; and (3) that for those witnesses who testify live, the parties should be precluded from using deposition testimony, except for impeachment and/or for rebuttal (assuming the witness is no longer available live).

---

[1] In entering this Report and Recommendations Counsel for Rambus submitted a proposed form of Report and Recommendations on August 23, 2007. The Special Master considered red-lined proposed edits from counsel for Micron submitted on the same date.

- 2 -

2. For its part, Micron filed a motion *in limine* for an order requiring Rambus to make its witnesses available to testify live in Micron's case. Specifically, Micron asserted that any witness that Rambus intends to present live in Rambus's case-in-chief should be made available to testify live in Micron's case-in-chief, at Micron's request, or else be precluded from testifying live in Rambus's case in chief. Micron does not take issue with the first two conditions discussed above,[2] but does dispute that Rambus was entitled to an order limiting the use of deposition testimony for witnesses who testify live.

3. There is no real dispute that witnesses who will appear live in Rambus's case-in-chief should also be made available to appear live in Micron's case-in-chief. Instead, the only dispute is whether the availability of a witness to testify live should limit the extent to which Micron may also (or instead) play deposition testimony of that witness. Micron contends that the issue is governed by Rule 32(a)(2) of the Federal Rules of Civil Procedure, which provides as follows:

> The deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent [of a party] . . . may be used by an adverse party for any purpose.

Fed. R. Civ. P. 32(a)(2). Relying upon Rule 32(a)(2), Micron contends that it should be permitted to play deposition excerpts for a given witness, and then immediately thereafter call that witness to also testify live. Micron also contends that, notwithstanding the availability of the witness to testify live, it should also be permitted to present the witness's testimony solely through deposition testimony.[3]

---

[2] At the argument on these motions, held on August 10, 2007, Micron confirmed that it had no objection to providing Rambus with information about witness scheduling. Accordingly, this Report and Recommendation sets forth in its conclusion the agreement of the parties respecting those issues, as stated on the record at the hearing.

[3] Based upon the record before the Special Master in connection with the parties' respective motions, the Special Master is not in a position to examine whether the witnesses whose
(Continued . . .)

## SPECIAL MASTER'S CONCLUSIONS

4. The provisions of Rule 32 must be balanced against Rule 611(a) of the Federal Rules of Evidence, which provides as follows:

> **Control by court.** The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.

Fed. R. Evid. 611(a). Courts have consistently recognized and the Special Master so concludes that live testimony is preferable to deposition testimony, particularly when a witness's credibility has been challenged. *See, e.g., Loinaz v. EG&G, Inc.*, 910 F.2d 1, 8 (1st Cir. 1990) (holding that "[w]hen a witness's credibility is a central issue, a deposition is an inadequate substitute for the presence of that witness"); *Ioannides v. Marika Maritime Corp.*, 928 F. Supp. 374, 378-79 (S.D.N.Y. 1996) (noting that "depositions are not an adequate substitute where live testimony is reasonably available"). This is true even when the deposition testimony has been recorded on videotape. *See, e.g., Young & Assoc. Public Relations v. Delta Air Lines*, 216 F.R.D. 521, 522 (D. Utah 2003) (noting that "[t]he preference for live testimony at trial rather than deposition testimony as a substitute is uniformly stressed in case law" and precluding the use of video deposition excerpts for those witnesses that the defendant had agreed to make available for live testimony).

5. Accordingly, courts have precluded the playing of deposition testimony and required live testimony – even of officers, directors, and managing agents – when the adverse witness is

---

( . . . continued.)

deposition testimony Micron wishes to offer were officers, directors, or managing agents at the time of the taking of the depositions at issue or whether that status is required for application of Rule 32(a)(2) on the facts of this case. In light of the Special Master's conclusion *infra* that such witnesses should testify live in any event, it is unnecessary to reach this issue.

available to testify live. In *Dhyne v. Meiners Thriftway, Inc.*, 184 F.3d 983 (8th Cir. 1999), the Eighth Circuit affirmed such an order issued by the trial court, and commented that:

> Many trial judges require that a deposed witness testify live, if available. The reason for the practice is clear: "Judge Learned Hand proclaimed the deposition to be second best, not to be used when the original is in hand. If possible, it is always better if the jury can observe the witness firsthand to judge his or her demeanor." The practice cannot possibly cause unfair prejudice, because the party wishing to use the deposition testimony can call the adverse witness live, impeach him with the deposition if necessary, and even question the witness using the exact same questions asked at the deposition.

*Id.* at 989-90 (citation omitted); *see also Young & Assoc.*, 216 F.R.D. at 522 (precluding use of deposition excerpts for witnesses that defendant had agreed to make available live, although witnesses resided more than 100 miles from courthouse); *see* Fed. R. Civ. P. 32(a)(3)(B)).

6. Moreover, the Special Master concludes that in a bench trial, it is important for the fact finder to be able to ask questions of the witness. The most efficient way to do that with respect to a witness who is available to testify live is to have the witness on the witness stand, so that the Court can explore the issues that the Court believes are important.

**WHEREFORE**, for the foregoing reasons, it is **RECOMMENDED** that:

(1) Rambus's motion to limit use of deposition testimony be **GRANTED IN PART** and Micron's motion for an order requiring Rambus to make its witnesses available to testify live in Micron's case-in-chief be **GRANTED IN PART**. Witnesses that will testify live in Rambus's case shall be made available to testify live in Micron's case-in-chief, and Micron shall be precluded from playing the deposition testimony of such witnesses who testify live in Micron's case-in-chief except for impeachment, for rebuttal (assuming the witness is no longer available to testify live in Micron's rebuttal case), and/or for any other purposes that the Court deems appropriate under applicable law. If Micron chooses not to present live testimony from a witness

who has been made available to testify live in Micron's case-in-chief, then Micron shall be precluded from playing any deposition testimony of such witness during Micron's case-in-chief, and shall be subject to the limitations as described herein with respect to the playing of deposition testimony for such witness during the remainder of the trial.

(2) On or before September 26, 2007, Micron shall advise Rambus of the witnesses that Micron intends to offer in its case-in-chief, the order in which it intends to present such witnesses, and an estimate of the length of its examination of each witness. The parties shall work in good faith to coordinate the scheduling of witness testimony, taking into account the schedule and convenience of witnesses who will appear live.

(3) With respect to witnesses who testify live in Micron's case-in-chief, following Micron's examination of each witness, Rambus shall conduct its entire examination of the witness (*i.e.*, not limited to the scope of Micron's direct), followed by Micron's redirect and a cross-examination as to matters raised by Rambus's examination, and finally by Rambus's redirect, at which point the witness would be released and free to return home.

**This Special Master's Report and Recommendation will become a final order of the Court unless objection is timely taken in accordance with the Order dated July 18, 2007 (D.I. 981).**

**ENTERED** this 29th day of August, 2007

_____
Vincent J. Poppiti (DSBA No. 100614)
Special Master