# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

———

(302) 658-9200
(302) 658-3989 FAX

**Mary B. Graham**
(302) 351-9199
mgraham@mnat.com

September 24, 2012

**BY E-FILING**

The Honorable Sue L. Robinson
United States District Court
   for the District of Delaware
844 N. King Street
Wilmington, DE 19801

      Re:    *Micron Technologies, Inc. v. Rambus Inc.*
               C.A. No. 00-792-SLR (D. Del.)

Dear Judge Robinson:

      On September 21, 2012, Judge Ronald M. Whyte issued Findings of Fact and Conclusions of Law on Spoliation and the Unclean Hands Defense in *Hynix Semiconductor Inc. et al. v. Rambus Inc.*, No. C-00-20905 RMW (N.D. Cal.), which is attached hereto as Exhibit A. The Court rejected Hynix's request for terminating sanctions, and held that the sanction "most commensurate with Rambus's conduct . . . is to strike from the record evidence supporting a royalty in excess of a reasonable, non-discriminatory royalty." *Id*. at 65.

      First, Judge Whyte concluded that litigation became reasonably foreseeable after the degaussing of back-up tapes in July 1998, but before the first "shred day" of September 1998. *Id*. at 49-53.

      Second, with respect to bad faith, Judge Whyte determined that the "evidence does not support a conclusion that Rambus deliberately shredded documents it knew to be damaging . . . ." *Id*. at 57; *see also id*. at 53-57. Nonetheless, he concluded that Rambus "spoliated evidence in bad faith or at least willfully," *id*. at 57, noting that, under Ninth Circuit law, "[a] party's destruction of evidence qualifies as willful spoliation if the party has some notice that the documents were potentially relevant to the litigation before they were destroyed," *id*. (quoting *Leon v. IDX Sys. Corp*., 464 F.3d 951, 959-60 (9th Cr. 2006)) (internal quotation marks omitted).

The Honorable Sue L. Robinson
September 24, 2012
Page 2

       Third, he concluded that "Hynix has made a concrete, plausible suggestion that it may have been prejudiced by destruction of JEDEC-related documents, and that Rambus has not overcome this suggestion of prejudice by clear and convincing evidence," *id*. at 61.  At the same time, Hynix's non-JEDEC-based defenses, including its invalidity and implied license contentions, were not prejudiced.  *Id*. at 59-62.

       Lastly, he held that a dispositive sanction is inappropriate "given that Rambus's patents otherwise are valid" and that Rambus did not intentionally destroy damaging documents.  *Id*. at 64; *see also id*. at 62 ("[T]he presence of bad faith and prejudice, without more, do not justify the imposition of dispositive sanctions.") (quoting *Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1328 (Fed. Cir. 2011)).  Instead, he imposed a lesser sanction that would strike evidence of a royalty rate "in excess of a reasonable, non-discriminatory royalty," and ordered further briefing on what that rate would be.  *Id*. at 65-66.

       Rambus respectfully disagrees with many aspects of Judge Whyte's ruling and is currently reviewing its options.  Rambus does agree with Judge Whyte's conclusion that a dispositive sanction would be inappropriate under the standards set forth by the Federal Circuit.

                                            Respectfully,

                                          */s/ Mary B. Graham*

                                          Mary B. Graham (#2256)

cc:    Clerk of the Court (by hand, w/encl.)
          Frederick L. Cottrell, III (by e-mail, w/encl.)
          Matthew D. Powers (by e-mail, w/encl.)
          Jared Bobrow (by email, w/encl.)
          William C. Price (by email, w/encl.)
          Gregory P. Stone (by e-mail, w/encl.)
          Charles W. Douglas (by e-mail, w/encl.)

6479445