

Frederick L. Cottrell, III
Director
302-651-7509
cottrell@rlf.com

September 28, 2012

**VIA CM/ECF & HAND DELIVERY**
The Honorable Sue L. Robinson
United States District Court
District of Delaware
844 N. King Street
Wilmington, DE 19801

      Re:    *Micron Technology v. Rambus,* **C.A. No. 00-792-SLR**

Dear Judge Robinson,

    We write in response to the September 24, 2012 letter from counsel for Rambus enclosing Judge Whyte's Findings of Fact and Conclusions of Law on Spoliation and the Unclean Hands Defense ("Order"). We note that the Court told the parties at the January 26, 2012 hearing that it does not intend to change its factual findings. Because Judge Whyte's Order reflects a view of the facts that is contrary to this Court's prior findings and the governing law, it is respectfully submitted that his Order should have no bearing on this Court's decision.

    On the issue of bad faith, Judge Whyte's Order overlooks much of the evidence demonstrating that Rambus was conscious of its wrongdoing and tried to cover it up. This includes Karp's request that employees with questions about the policy speak to him face to face, Steinberg's instructions to Karp to restyle his August 1999 goals to make the "Licensing/Litigation Readiness" "shredding party" sound innocuous by calling it a "compliance event" for "Database Maintenance", Rambus' 30(b)(6) witnesses' false testimony about the policy, Rambus' repeated misrepresentations to courts about the policy and the fact that Rambus' employees offered false deposition testimony regarding JEDEC and patent prosecution. *Micron Technology, Inc. v. Rambus Inc. ("Micron I")*, 255 F.R.D. 135, 145 fn. 45, 147-148 (D. Del. 2009).

    Similarly, the Order fails to give proper weight to the evidence showing selective implementation of the policy. This Court found Karp instructed employees to expunge documents questioning the patentability of an invention, but instructed them to keep helpful documents. *Micron I*, at 142, n. 27. This demonstrates selective implementation. Karp's search for a helpful document on a back up tape before Rambus destroyed 1,269 tapes supports this conclusion too. *Id.* at 141, fn. 23.

    Moreover, Judge Whyte's conclusion that Rambus did not knowingly destroy damaging evidence is incorrect. (Order, at 56, 63) Rambus targeted documents related to every aspect of

The Honorable Sue L. Robinson
September 28, 2012
Page 2

its business. One of the reasons Rambus decided to destroy emails was because they were discoverable. *Micron I,* at 141. Rambus certainly knew its massive campaign of document destruction would eliminate harmful evidence, particularly given its prior misconduct at JEDEC. And, even assuming *arguendo* that Judge Whyte's conclusion was correct, a finding that a party knowingly destroyed damaging evidence is not a prerequisite to a finding of bad faith. *Micron Technology, Inc. v. Rambus Inc. ("Micron II"),* 645 F.3d 1311, 1327 (Fed. Cir. 2011).

On the issue of prejudice, Judge Whyte's conclusion about the type of unique documents Rambus destroyed differs from this Court's findings too. While the Order states that Rambus destroyed unique documents related to JEDEC (Order at 61), this Court has also concluded that Rambus destroyed documents regarding contract and licensing negotiations, patent prosecution, Board meetings and finances. *Micron I,* at 142, fn. 33, 144. In addition, Judge Whyte's opinion does not discuss many of the legal defenses that Micron asserts have been prejudiced--derivation, prosecution laches, lack of standing, and patent misuse, antitrust and unfair competition based on Rambus' conduct at JEDEC. (Order, at 60-61.) And the Order's discussion of the defense of inequitable conduct is inconsistent with this Court's finding that Rambus spoliated documents relevant to Micron's inequitable conduct defense. *Micron I*, at 150-151; *Micron II*, at 1328.

Turning to the subject of a remedy, Judge Whyte's Order and his choice of a sanction is largely predicated on his incorrect findings on the degree of Rambus' bad faith and prejudice to Hynix. Dismissal is the proper sanction for Rambus' conduct based on the factual findings this Court has already made. Indeed, the Federal Circuit has held that, "If the district court concludes again on remand that there was bad faith and prejudice, the record evidence may indeed justify a dispositive sanction . . ." *Micron II,* at 1329. Moreover, the relief ordered by Judge Whyte is a windfall to Rambus and does not serve the interests of justice. It puts Rambus in the exact same position it would have been in if it had acted as a good corporate citizen by informing JEDEC of its intent to obtain patents over JEDEC standards and preserving evidence. As a result, it will have no deterrent effect on would-be spoliators.

In sum, the Order is at odds with this Court's prior findings and the law and should not have any impact on this Court's decision.

Respectfully.

*/s/ Frederick L. Cottrell, III*

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com

FLC,III/afg
cc:   All Counsel of Record (via CM/ECF)